**Ollie DILES, Appellant,**

v.

**Martha HENDERSON and TDCJ–ID, Appellee.**

**No. 13–01–346–CV.**

Court of Appeals of Texas, Corpus Christi.

May 23, 2002.

Rehearing Overruled June 27, 2002.

Ollie Diles, Pro Se.

John Cornyn, Attorney General, Austin, for Appellee.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice ROGELIO VALDEZ.

Appellant, Ollie Diles, an inmate in the custody of the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID), filed a *pro se* civil rights lawsuit in the 411th District Court of Polk County against TDCJ-ID and its employee, Martha Henderson. Appellant filed an unsworn declaration of his inability to pay costs. Without holding a hearing, the trial court found that appellant's claims were frivolous, dismissed the suit with prejudice, and assessed all costs against appellant. Appellant timely filed a notice of restricted appeal. In two issues, appellant contends the trial court erred in dismissing his claims,[1] and in assessing costs against him. We affirm.

The elements necessary to succeed on a restricted appeal are: (1) a notice of restricted appeal filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; and (4) error must be apparent on the face of the record. TEX. R.APP.P. 26.1(c), 30; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). Appellant has complied with the first three elements, and therefore, we must determine whether error is apparent on the face of the record.

◼ A restricted appeal is a direct attack on a judgment. *Lewis v. Ramirez*, 49 S.W.3d 561, 564 (Tex.App.—Corpus Christi 2001, no pet.). In determining Whether an error appears on the face of the record, a restricted appeal affords an appellant the same scope of review as an ordinary appeal. *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *Lewis*, 49 S.W.3d at 564.

◼ In his first issue, appellant argues that the trial court erred in dismissing this cause without a hearing because appellant's claim, which is the basis of the suit, has an arguable basis in law.

Inmate litigation (except suits brought under the family code) in which the inmate files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set out in chapter 14 of the civil practice and remedies code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 14.001 (Vernon Supp.2002). The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex.App.—Waco 1996, no writ). The rules set out in chapter 14 may not be modified or repealed by the regular rules of civil procedure. TEX.CIV.PRAC. & REM. CODE ANN. § 14.014 (Vernon Supp.2002).

◼ The trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon Supp.2002); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex.App.—Houston [1st Dist.] 1998, no pet.). A court may dismiss a lawsuit under chapter 14 as frivolous without conducting a fact hearing, however, the issue on appeal then becomes whether the claim had no arguable basis in

---

1. Appellant argues the trial court erred in dismissing his lawsuit as frivolous, but does not argue the trial court erred in dismissing his lawsuit *with prejudice,* and therefore, we do not address that issue. *See* TEX.R.APP.P. 47.1.

law. *Sawyer v. Tex. Dept. of Crim. Justice,* 983 S.W.2d 310, 311 (Tex.App.—Houston [1st Dist.] 1998, pet. denied); *Lentworth,* 981 S.W.2d at 722.

■ The proper standard of review of the dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs is whether the court abused its discretion. *Barnum v. Munson,* 998 S.W.2d 284, 286 (Tex. App.—Dallas 1999, pet. denied); *Hickson,* 926 S.W.2d at 398. To establish abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984). Stated differently, abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ A trial court does not abuse its discretion by dismissing as frivolous a chapter 14 suit where the inmate does not fully comply with section 14.004. *Jackson v. Tex. Dept. of Crim. Justice—Institutional Div.,* 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied); *Samuels v. Strain,* 11 S.W.3d 404, 406 (Tex.App.—Houston [1st Dist.] 2000, no pet.); *Bell v. Tex. Dept. of Crim. Justice—Institutional Div.,* 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet. denied); *Thomas v. Wichita Gen. Hosp.,* 952 S.W.2d 936, 939 (Tex.App.—Fort Worth 1997, pet. denied); *Hickson,* 926 S.W.2d at 399.

Section 14.004 of the Texas Civil Practice & Remedies Code provides that:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs should file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex.Civ.Prac. & Rem.Code Ann. § 14.004 (Vernon Supp.2002).

In the present case, appellant did not file an affidavit or unsworn declaration which fully complied with the requirements of section 14.004. Appellant did state, under penalty of perjury, in his original petition, that he has never filed a lawsuit *in forma pauperis.* However, there is no limitation in section 14.004 that an inmate need only identify those prior suits filed *in forma pauperis.* Section 14.004 requires that an inmate's affidavit identify "*each* suit . . . previously brought by the person and in which the person was not represented by an attorney. . . ." Tex. Civ.Prac. & Rem.Code Ann. § 14.004(a)(1) (Vernon Supp.2002) (emphasis added).

Because appellant did not fully comply with the requirements of section 14.004, we hold the trial court did not abuse its discretion by dismissing as frivolous appellant's lawsuit. Appellant's first issue is overruled.

In his second issue, appellant contends the trial court abused its discretion by ordering him to pay the court costs and fees for his lawsuit. Specifically, appellant asserts that his lawsuit was filed *in forma pauperis* and, thus, he has substantially complied with the requirements to proceed without payment of costs.

A court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with section 14.006 and section 14.007. *See* TEX.CIV. PRAC. & REM.CODE ANN. §§ 14.006(a), 14.007 (Vernon Supp.2002); *Thomas v. Knight,* 52 S.W.3d 292, 296 (Tex.App.—Corpus Christi 2001, pet. denied).

After determining that appellant had incurred court costs and fees in the amount of $190.00, the trial court ordered that appellant pay said amount out of his Inmate Trust Account as follows:

Pay an initial amount equal to the lesser of:

(1) 20% of the preceding six month's deposits in the Inmate Trust Account; or

(2) The total amount of fees and costs.

In each month following in which the initial payment is made above, the [appellant] shall pay an amount equal to the lesser of:

(1) 10% of that month's deposit to the Inmate Trust Account; or

(2) the total amount of fees that remain unpaid.

Payments are to continue until the total amount certified is paid, or the [appellant] is released from confinement.

The trial court's order follows sections 14.006(b), (c), and (d) of the civil practice and remedies code. TEX.CIV.PRAC. & REM. CODE ANN. § 14.006(b), (c), & (d) (Vernon Supp.2002). We hold the trial court did not abuse its discretion in ordering that appellant pay the costs and fees incurred

in the underlying suit. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.