In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-170 CV


____________________



ZACHARY L. KNIGHTEN, Appellant



V.



ROBERT S. BROWN, ET AL, Appellees






On Appeal from the 1-A District Court


Tyler County, Texas


Trial Cause No. 15,961





 

MEMORANDUM OPINION


 Inmate Zachary L. Knighten sued various employees (1) (appellees) of the Texas
Department of Criminal Justice under the Texas Tort Claims Act and 42 U.S.C. § 1983 
for injuries he allegedly sustained as the result of malpractice, deliberate indifference to
his serious medical needs, negligence, falsification of disciplinary report, and retaliation
against him. Knighten sought declaratory and injunctive relief, as well as compensatory
damages and attorney's fees. 

 Appellees filed motions to dismiss on the grounds that Knighten did not comply with
the requirements of Chapter 14 of the Texas Civil Practices and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon 2002). Specifically, the
motions allege Knighten failed to properly declare his prior lawsuits, failed to attach
documentation demonstrating the exhaustion of administrative remedies within thirty-one
days of filing suit, and failed to file a certified copy of his trust account statement with the
court. See §§ 14.004, 14.005, 14.006(f). On January 25, 2002, and again on March 20,
2002, Knighten filed a motion for default judgment. The trial court did not rule on
Knighten's motions, but granted appellees' motions to dismiss in its April 12, 2002, order. 
The order does not state the grounds for dismissal. 

Issues


 Knighten raises three issues on appeal: the trial court erred in failing to state the
reasons for its dismissal of the suit; the dismissal was erroneous because there were
arguable bases in law or fact; and the trial court erred in failing to rule on his motion for
default judgment before ruling on the dismissal motion. 

Standard of Review


 Under Chapter 14, we review the dismissal of a suit under an abuse of discretion
standard. See Jackson v. Texas Dep't of Criminal Justice--Institutional Div., 28 S.W.3d
811, 813 (Tex. App.--Corpus Christi 2000, pet. denied). The trial court may dismiss an
inmate's claim if the court finds the claim to be frivolous or malicious. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). "A trial court does not abuse its
discretion by dismissing as frivolous a chapter 14 suit where the inmate does not fully
comply with section 14.004 [dealing with affidavits relating to previous lawsuit filings]." 
Diles v. Henderson, 76 S.W.3d 807, 810 (Tex. App.--Corpus Christi 2002, no pet.). If
an inmate fails to exhaust his administrative remedies, his claim has no arguable basis in
law. See Retzlaff v. Texas Dep't of Criminal Justice, No. 14-01-00371-CV, 2002 WL
959480, at *2-4 (Tex. App.--Houston [14th Dist.] 2002, no pet.). And if he fails to file a
certified copy of his trust account statement, as required by section 14.004(c), his suit may
likewise be dismissed. See Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.--Houston
[1st Dist.] 2000, no pet.). 



Grounds of Dismissal


 As to issue one, there was no abuse of discretion in the trial court's dismissal of the
case without specifying the grounds of dismissal. See Retzlaff, 2002 WL 959480, at *3-4. 
Chapter 14 grants the trial court special power to summarily dismiss prisoner suits, even
in the absence of a hearing; there is nothing in Chapter 14 requiring the trial court to
specify the grounds of dismissal in its order. Id.; see also § 14.003. Issue one is
overruled.

Frivolous Suit Under Chapter 14 


 Knighten's issue two has three themes: the trial court's order did not state why
Knighten's suit was dismissed; the trial court erred in failing to grant his motion for default
judgment; and his suit had an arguable basis in law. As explained in issue one, the trial
court's order of dismissal does not have to state the specific grounds for dismissal. As to
the default judgment question, we address it in issue three. As to the "arguable basis in
law" argument, Knighten did not comply with the procedural requirements of Chapter 14
and, on that ground, his suit was properly dismissed. See Retzlaff, 2002 WL 959480, at
*2-4; Diles, 76 S.W.3d at 810; Williams, 33 S.W.3d at 412. 

 Although Knighten filed a statement purporting to identify previous lawsuit filings,
the statement does not meet the requirements of Tex. Civ. Prac. & Rem. Code Ann. § 
14.004(a) (Vernon 2002). The statute requires a statement of the "operative facts" of each
case, the case name, cause number, names of the parties, results of the suit, and, if the suit
was dismissed as frivolous or malicious, the date of the final order affirming the dismissal. 
Id. Of the eight previous filings listed in Knighten's declaration, he names the parties in 
only one suit; he gives the cause numbers in two of the eight; he does not give the case
name in any of the suits. In the listing for an August 1997 filing, Knighten states that the
"claim [in the 1997 filing] is also stated in the 15,961 cause [the instant case] in the Court
for negligence." His description of the July 1999 filing in the United States District Court
in Lufkin, Texas, includes some of the same causes of action as set out in the instant suit --
deliberate indifference, retaliation, and due process violations in disciplinary proceedings. 
He further states that the "exact same named Defendants in the 12/21/98 amendment [to
the instant suit are] the exact same Defendants named in this cause of action in Civil Action
No. 9:99-cv-171." Based on the information submitted by Knighten in his declaration, the
trial court could not determine if Knighten duplicated in the instant suit causes of action
he is litigating or has litigated in prior suits. Further, a statement of the causes of action
in a suit is not a statement of the "operative facts." Knighten's statement gives only labels
to causes of action, rather than "operative facts." The purpose of inmate affidavit
requirements concerning prior lawsuits is to reduce the problem of constant, often
duplicative, inmate litigation by requiring the inmate to notify the trial court of previous
litigation and the outcome; given this purpose, an affidavit that identifies neither the parties
nor the operative facts in the prior litigation cannot be said to be in substantial compliance
with those requirements. Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.--Houston
[14th Dist.] 2001, no pet.). 

 Knighten also failed to attach (1) an affidavit stating the date he received the written
decision from the grievance system and (2) a copy of the grievance, as required by section
14.005(a) of Chapter 14. He did file with the court an "unsworn declaration" in which he
states he filed a grievance on each claim in this proceeding. Knighten's declaration also
claims he cannot provide copies to the court, because he only has originals and does not
have access to a copy machine. The statute does not preclude the filing of original
documents. See § 14.005(a). 

 Knighten also failed to attach a certified copy of his trust account statement, as
required by section 14.004(c). Although he filed an unsworn declaration stating that he
would supply a trust account statement, he did not do so. The trial court did not err in
dismissing his suit; Knighten failed to comply with the requirements of sections
14.004(a)(2), (b), (c) and 14.005. See Jackson, 28 S.W.3d at 814. Issue two is overruled.

Failure To Rule on Motion For Default Judgment


 In issue three, Knighten argues the trial court erred in failing to rule on his motion
for default judgment (filed January 10, 2002) before dismissing his suit on April 12, 2002. 
If a petition shows on its face that the claim is invalid, a default judgment should not be
granted. See Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988);
see also Jackson v. Biotectronics, Inc., 937 S.W.2d 38, 42 (Tex. App.--Houston [14th
Dist.] 1996, no writ). Under Chapter 14, the trial judge may dismiss the suit before or
after service of process if he determines the suit is malicious or frivolous. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). In reviewing Knighten's
pleadings, the trial judge properly determined Knighten's suit was frivolous and did not
grant Knighten's motion for default judgment. Knighten failed to comply with the
requirements of sections 14.004 and 14.005. Because the suit is frivolous under Chapter
14, there was no error in failing to act on Knighten's motion for default judgment prior to
ordering dismissal of his suit. Issue three is overruled. The trial court's judgment is
affirmed. 

 AFFIRMED. 

 PER CURIAM

Submitted on January 9, 2003

Opinion Delivered January 16, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Zachary sued the following persons: Kenneth Attaway, Robert G. Beard, Kathy
Brown, Dr. Robert S. Brown, Gene Brown, William C. Driver, Kenneth L. Gaston,
Glowson, Michael Hadnot, Frank V. Helm, Juan P. Hernandez, Edward E. Howell, Fred
Huff, L. John, Cheryl H. Johnson, Daisy L. Johnson, Gene Lester, Rodger P. Lilly,
Thomas Mann, Jean Marmarinou, Larry W. Meeks, Michael F. Moore, Lloyd B.
Morvant, D. H. Oliphant, Robert Ott, Alicia Owens, Charles Pousson, Amy Powell,
Joseph D. Reneau, Joy S. Smith, Irvin Sylestine, Lynda B. Walling, Karen R. Whitfield,
Brandon C. White, Danny L. Wilburn, Harold Wilburn, Susan D. Wilburn, and Robert
Williams. How many were served with citation is unknown. Twenty-three filed answers.