Rivera v. Coastal Bend College















NUMBER 13-03-00180-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

LUCIO G. RIVERA,                                                                      Appellant,

v.

COASTAL BEND COLLEGE AND
LILLIAN GARZA, INDIVIDUALLY
AND AS AN EMPLOYEE OF
COASTAL BEND COLLEGE,                                                      Appellees.
                                                                                                                       

On appeal from the 343rd District Court of Bee County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellant, Lucio G. Rivera, filed a negligence lawsuit against appellees, Coastal
Bend College (“Coastal Bend”) and Lillian Garza (“Garza”), individually and as an
employee of Coastal Bend College. Pursuant to chapter 14 of the Texas Civil Practice and
Remedies Code, the trial court dismissed appellant’s suit as frivolous. In a single issue,
appellant contends the trial court abused its discretion in dismissing his suit as frivolous. 
We affirm.
A. Factual Background and Procedural History
          Appellant is an inmate at the McConnell Unit of the Texas Department of Criminal
Justice (“TDCJ”). During the year 2000, appellant took a data processing class taught by
Garza, a TDCJ instructor and Coastal Bend employee. In October 2000, after appellant
had completed the class, Garza was given an envelope containing two documents and a
handwritten message from appellant, asking her to contact him after November 1, 2000,
appellant’s parole release date. The note stated, “Ms. Garza, make sure to contact me! 
I’ll be waiting to hear from you! Take care!” and included three telephone numbers that
belonged to members of appellant’s family.
          In accordance with the TDCJ rules of conduct,


 Garza gave the note to the TDCJ
Security Department for clarification and review.


 Garza was instructed to complete the
offense report required by the TDCJ Standard Offense and Pleadings Handbook. Offense
Code 30.1 governs attempts to “establish an inappropriate relationship with a . . . contract
employee,” and prescribes standardized pleadings for such offenses to be used in a
disciplinary report. A contract instructor who fails to follow the TDCJ rules and procedures
may be barred from access to the McConnell Unit, terminated from Coastal Bend, and may
be subject to criminal prosecution.
          On October 15, 2000, appellant was called to a TDCJ disciplinary hearing as a
result of his communication with Garza. Appellant was subsequently demoted, given
fifteen days in solitary confinement, placed in medium (restricted movement) custody, and
his anticipated parole date was revoked.
          On September 19, 2002, appellant filed an application to proceed in forma pauperis
in a negligence suit against appellees. The parties’ briefs on the issue were submitted by
February 17, 2003, and on February 18, 2003, pursuant to chapter 14 of the civil practice
and remedies code, the trial court dismissed appellant’s case as frivolous. This appeal
ensued.
B. Standard of Review
          We review the dismissal of a lawsuit brought by an inmate who has filed an affidavit
or declaration of inability to pay costs under an abuse of discretion standard. Jackson v.
Tex. Dep’t of Criminal Justice–Institutional Div., 28 S.W.3d 811, 813 (Tex. App.–Corpus
Christi 2000, pet. denied); Barnum v. Munson, 998 S.W.2d 284, 286 (Tex. App.–Dallas
1999, pet. denied); McCollum v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d 535, 536 (Tex.
App.–Houston [14th Dist.] 1998, no pet.); Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.–Waco 1996, no writ). Abuse of discretion is determined by examining whether the
trial court acted without reference to any guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); McCollum, 980 S.W.2d
at 536-37. To establish abuse of discretion, the complainant must show that the trial
court’s action was arbitrary or unreasonable in light of the circumstances in the case. 
Downer, 701 S.W.2d at 242; Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex.
1984). We affirm the dismissal if it was proper under any legal theory. Johnson v.
Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990) (per curiam); Walker v. Gonzales County
Sheriff’s Dep’t, 35 S.W.3d 157, 162 (Tex. App.–Corpus Christi 2000, pet. denied); Birdo
v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).
C. Analysis
          In a single issue, appellant contends the trial court abused its discretion in
dismissing his suit as frivolous. Because appellant brought the underlying lawsuit pro se
and filed a request to proceed in forma pauperis, he was required to fulfill the following
procedural requirements of chapter 14 of the civil practice and remedies code:
(a)      An inmate who files an affidavit or unsworn declaration of inability to
pay costs shall file a separate affidavit or declaration:  
 
          (1)      identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was
not represented by an attorney, without regard to whether the
person was an inmate at the time the suit was brought; and
 
          (2)      describing each suit that was previously brought by:
                     (A)      stating the operative facts for which relief was sought;
                     (B)      listing the case name, cause number, and the court in
which the suit was brought;
                     (C)     identifying each party named in the suit; and
                     (D)     stating the result of the suit, including whether the suit
was dismissed as frivolous or malicious under Section
13.001 or Section 14.003 or otherwise.
 
(b)      If the affidavit or unsworn declaration filed under this section states
that a previous suit was dismissed as frivolous or malicious, the
affidavit or unsworn declaration must state the date of the final order
affirming the dismissal.
 
(c)      The affidavit or unsworn declaration must be accompanied by the
certified copy of the trust account statement required by Section
14.006(f).



 
Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).
          The purpose of chapter 14's procedural requirements is to deter “constant, often
duplicative, inmate litigation.” Lilly v. Northrep, 100 S.W.3d 335, 337 (Tex. App.–San
Antonio 2002, pet. denied); Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.–Houston
[14th Dist.] 2001, no pet.). The trial courts are given broad discretion to determine whether
an inmate’s suit should be dismissed because: (1) prisoners have a strong incentive to
litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are
not effective; and (4) the dismissal of unmeritorious claims benefits state officials, courts
and meritorious claimants. Aguilar v. Chastain, 923 S.W.2d 740, 743 (Tex. App.–Tyler
1996, writ denied).
          In determining whether a claim is frivolous or malicious, the trial court may consider
whether: 
(1)      the claim’s realistic chance of ultimate success is slight;
 
(2)      the claim has no arguable basis in law or in fact;
 
(3)      it is clear that the party cannot prove facts in support of the claim; or
 
(4)      the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.
 
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b) (Vernon 2002); Lilly, 100 S.W.3d at 337. 
The filing requirements of chapter 14 are designed to assist the court in determining
whether a lawsuit is frivolous. Obadele, 60 S.W.3d at 348. Accordingly, when, as here,
an inmate fails to fulfill the requirements of chapter 14, the trial court is entitled to assume
the suit is substantially similar to a prior suit and dismiss the cause of action as frivolous. 
Id. (citing Bell v. Texas Dep’t Criminal Justice–Institutional Div., 962 S.W.2d 156, 158 (Tex.
App.–Houston [14th Dist.] 1998, pet. denied)); Walker, 35 S.W.3d at 161; see also Diles
v. Henderson, 76 S.W.3d 807, 810 (Tex. App.–Corpus Christi 2002, no pet.).
          In the instant case, appellant failed to file the section 14.004 affidavit with his
petition. He later obtained leave of court to amend his pleadings and attached the required
affidavit. However, he did not attach the trust account statement required by section
14.004(c) to the affidavit. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(c) (Vernon 2002).
          Appellant cites cases, he argues, that hold that a trial court’s dismissal of an
inmate’s action solely for failure to file the affidavit required by section 14.004 is an abuse
of discretion. However, the cases cited by appellant are distinguishable. They hold that
the dismissal of an inmate’s cause of action with prejudice is an abuse of discretion. A
dismissal with prejudice constitutes an adjudication on the merits and operates as if the
case had been fully tried and decided. Crain v. Prasifka, 97 S.W.3d 867, 870 (Tex.
App.—Corpus Christi 2003, pet. denied). We have held that a dismissal for failure to
comply with the conditions set out in section 14.004 is not a dismissal on the merits, but
rather an exercise of the trial court’s discretion under chapter 14 of the civil practice and
remedies code. Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001,
pet. denied); Thomas v. Knight, 52 S.W.3d 292, 295 (Tex. App.—Corpus Christi 2001, pet.
denied). 
          In this case, the trial court dismissed appellant’s cause of action without prejudice. 
A trial court does not abuse its discretion in dismissing a case without prejudice solely upon
an inmate’s failure to file a section 14.004 affidavit and/or a certified copy of his trust
account statement. Diles, 76 S.W.3d at 810; Walker, 35 S.W.3d at 161-62; Jackson, 28
S.W.3d at 814. Because appellant failed to fully comply with the requirements of section
14.004 of the civil practice and remedies code, we hold that the trial court did not abuse
its discretion in dismissing his suit without prejudice. Appellant’s sole issue is overruled.
          We affirm the trial court’s order of dismissal.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Memorandum Opinion delivered and filed 
this the 12th day of August, 2004.