Tummel & Casso v. (Five Defendants)


















COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG
                                                                                                                       

NUMBER 13-02-00312-CV
TUMMEL & CASSO AND HAROLD K. TUMMEL,                     Appellants,
v.
THE MEGA LIFE AND HEALTH INSURANCE
COMPANY, WILLIAM SNYDER, M.D., PATRICIA 
SNYDER, AND RIO GRANDE ORTHOPAEDIC
INSTITUTE, P.A.,                                                                         Appellees.
                                                                                                                       

NUMBERS 13-02-00313-CV
                                                        13-02-00315-CV
TUMMEL & CASSO AND HAROLD K. TUMMEL,                     Appellants,
v.
LONE STAR NATIONAL BANK, WILLIAM
SNYDER, M.D., PATRICIA SNYDER, AND
RIO GRANDE ORTHOPAEDIC INSTITUTE, P.A.,                      Appellees.
                                                                                                                       

 

 
NUMBER 13-02-00314-CV
TUMMEL & CASSO AND HAROLD K. TUMMEL,                     Appellants,
v.
AMERICAN NATIONAL LIFE INSURANCE
COMPANY OF TEXAS, WILLIAM SNYDER, M.D.,
PATRICIA SNYDER, AND RIO GRANDE
ORTHOPAEDIC INSTITUTE, P.A.,                                              Appellees.
                                                                                                                       

NUMBER 13-02-00316-CV
TUMMEL & CASSO AND HAROLD K. TUMMEL,                     Appellants,
v.
CLAIMS ADMINISTRATION SERVICES, INC.,
WILLIAM SNYDER, M.D., PATRICIA SNYDER, AND
RIO GRANDE ORTHOPAEDIC INSTITUTE, P.A.,,                     Appellees.
                                                                                                                       

On appeal from the 93rd District Court of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Hinojosa

          These are restricted appeals from an order of the trial court dissolving post-judgment writs of garnishment in five separate cases. In a single issue, appellants,
Tummel & Casso (“T&C”) and Harold K. Tummel (“Tummel”), complain of the trial court’s
order dissolving the writs.
          Appellees, William Snyder, M.D., Patricia Snyder, and Rio Grande Orthopaedic
Institute, P.A., were defendants in the underlying proceeding (“Snyder” collectively). 
Appellees, The Mega Life and Health Insurance Company,


 Lone Star National Bank,



American National Life Insurance Company of Texas,


 and Claims Administration Services,
Inc.,


 were the garnishees in these cases.
          Appellees assert that the subject writs were properly dissolved by the trial court for
lack of a valid, subsisting judgment. Because appellants have failed to meet the
requirements for bringing a restricted appeal, we dismiss these appeals for want of
jurisdiction.
A. Procedural History
          T&C originally sued Snyder to recover attorney’s fees arising from an unrelated
matter. In turn, Snyder filed a counterclaim against T&C and a third-party action against
third-party defendants, Tummel and Lydia Casso Tummel, alleging legal malpractice. On
April 20, 2000, in cause number C-4419-99-B, the trial court signed an order granting
summary judgment in favor of T&C on its claim for attorney’s fees.


 Within the same order
granting summary judgment, the trial court ordered that the claims of T&C be severed from
the other claims pending in the case and docketed as a separate case.



          From April 24, 2000 to May 1, 2000, T&C filed post-judgment applications for writs
of garnishment against appellees, The Mega Life and Health Insurance Company, Lone
Star National Bank, American National Life Insurance Company of Texas, and Claims
Administration Services, Inc., based on the summary judgment granted by the trial court
against Snyder. On May 3, 2000, Snyder filed an original petition for injunction and
damages against appellants in the various garnishment actions. Within the petitions,
Snyder asked that the writs of garnishment be dissolved because the judgment in the
underlying proceeding was not final. The trial court set a hearing for May 12, 2000 and
issued an order restraining appellants from: (1) prosecuting the writs already filed; (2) filing
any new writs; or (3) in any way pursuing collection of the April 20 summary judgment
order.
          On May 9, 2000, Snyder filed a motion requesting the trial court to reconsider
appellants’ motion for summary judgment and to vacate the April 20 order granting
summary judgment. The motion was filed in the parent cause number, the same cause
number wherein the summary judgment was originally granted. This motion was also
scheduled to be heard on May 12, 2000.
          At the May 12 hearing, the only motion presented was Snyder’s motion to vacate
the April 20 summary judgment order. On May 19, 2000, the trial court signed an order
granting Snyder’s motion to vacate the April 20 summary judgment order. The order was
entered in the parent cause number.
          On June 29, 2000, appellants filed a motion in the parent cause number, seeking
to vacate the May 19 order setting aside the summary judgment. Appellants argued that
the May 19 order was improvidently granted. Following unsuccessful mediation, the trial
court, on September, 11, 2000, heard and denied appellant’s June 29 motion to vacate the
order setting aside the summary judgment. The order was entered in the parent cause
number.
          On October 11, 2000, to protect themselves from any attempt at post-judgment
discovery, Snyder filed a motion for protection in the parent cause number, asserting that
no judgment existed upon which such discovery could be predicated. T&C responded by
filing a motion to compel production in the severed cause number. The trial court denied
the motion to compel production on November 14, 2000, and granted the motion for
protection on November 16, 2000.
          On March 1, 2001, Snyder filed a no-evidence summary judgment motion, alleging
that as a matter of law, appellants did not possess the evidence necessary to sustain their
claim for attorney’s fees. On August 31, 2001, the trial court granted Snyder’s no-evidence
motion for summary judgment, effectively entering a take-nothing judgment against
appellants. The order was entered in the parent cause number.
          A status conference was later ordered to address the writs of garnishment. With
counsel for both sides present, the issue of the writs of garnishment was passed due to a
pending writ of mandamus in this Court, seeking to conduct post-judgment discovery in the
underlying case. Following denials in both this Court and the Texas Supreme Court, the
trial court reconvened a status conference to address the writs of garnishment on October
25, 2001. Appellants argued that their April 20, 2000 summary judgment was subsisting
because the order vacating the summary judgment was filed in the parent cause number
and not the severed cause number. Snyder argued that there was no final judgment. After
hearing arguments, the trial court provided all parties the opportunity to submit briefs on
this issue. On November 5, 2001, appellants filed an extensive brief, complete with case
law and relevant portions of the record, arguing their contention that a valid, subsisting
judgment remained. Nevertheless, on November 30, 2001, the trial court signed an order
dissolving the writs of garnishment.
B. Restricted Appeal
          Restricted appeals replace writ of error appeals to this Court. Tex. R. App. P. 30. 
A party who did not participate – either in person or through counsel – in the hearing that
resulted in the judgment complained of and who did not timely file a post-judgment motion
or request for findings of fact and conclusions of law, or a notice of appeal within the time
permitted by rule 26.1(a), may file a notice of appeal within the time permitted by rule
26.1(c). Id.
          The four elements necessary for a review by restricted appeal are: (1) the appeal
must be filed within six months after the final judgment is signed; (2) by a party to the
lawsuit; (3) who did not participate in the actual trial; and (4) error must be apparent from
the face of the record. Quaestor Invs., Inc. v. Chiapas, 997 S.W.2d 226, 227 (Tex. 1999);
Carmona v. Bunzl Distribution, 76 S.W.3d 566, 568 (Tex. App.–Corpus Christi 2002, no
pet.). A restricted appeal is a direct attack on a judgment. Diles v. Henderson, 76 S.W.3d
807, 809 (Tex. App.–Corpus Christi 2002, no pet.). A restricted appeal affords an
appellant the same scope of review as an ordinary appeal, that is, a review of the entire
case. Id. The only restriction on the scope of restricted appeal review is that the error
must appear on the face of the record. Norman Communications v. Tex. Eastman Co., 955
S.W.2d 269, 270 (Tex. 1997). The face of the record, for purposes of restricted appeal
review, consists of all the papers on file in the appeal. Id.
          In their sole issue, appellants contend they were denied due process by the trial
court’s signing of the order dissolving the writs of garnishment without notice to appellants
of its intention to consider such an action, and without providing appellants a meaningful
opportunity to be heard concerning such action.
          It is undisputed that appellants, parties to the original lawsuit, perfected this appeal
within six months from the date the order dissolving the writs of garnishment was signed. 
The first two requirements of rule 30 are not at issue in this case. What is at issue here
is whether appellants participated in the proceedings that resulted in the adverse order.
          In determining whether the nonparticipation requirement of rule 30 is met, the
question is whether appellants participated in the “decision-making” event that resulted in
the order adjudicating appellants’ rights. Texaco, Inc. v. Cent. Power & Light Co., 925
S.W.2d 586, 589 (Tex. 1996). The nature and extent of participation that precludes a
restricted appeal is a matter of degree because trial courts decide cases in a wide variety
of procedural settings. Id. (citing Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985)). 
A party’s participation in a proceeding decided as a matter of law may be very different
from one tried to a jury. Id. (citing Lawyers Lloyds of Tex. v. Webb, 137 Tex. 107, 152
S.W.2d 1096, 1097-98 (1941)). Participation in a dispositive hearing will cut off that party’s
ability to proceed by restricted appeal. See C & V Club v. Gonzalez, 953 S.W.2d 755, 757
(Tex. App.–Corpus Christi 1997, no writ).
          As outlined above, the record reflects that appellants were fully and actively
represented by counsel throughout the proceedings in the underlying case. The
proceedings in the underlying case were necessary to maintain the garnishment actions. 
A post-judgment garnishment proceeding, being ancillary in nature, takes its jurisdiction
from the underlying suit. Baca v. Hoover, Bax, & Shearer, 823 S.W.2d 734, 738 (Tex.
App.–Houston [14th Dist.] 1992, writ denied). If the judgment in the underlying suit is
reversed, the garnishment proceeding becomes a nullity and the writ issued thereunder is
functus officio, or of no further force or authority. Id.
          The proceedings in the underlying case determined the issue of whether the trial
court’s April 20, 2000 summary judgment order was valid and subsisting. The papers in
the case established that on May 19, 2000, the trial court vacated its April 20, 2000
summary judgment order at a time when it still enjoyed plenary power over the order. See
Tex. R. Civ. P. 329b(d) (“The trial court, regardless of whether an appeal has been
perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform
the judgment within thirty days after the judgment is signed.”); Lane Bank Equip. Co. v.
Smith S. Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000). As clearly articulated by the trial
court in its order granting Snyder’s motion for protection:
The Court hereby finds, after an opportunity for argument and a hearing, that
the prior order of summary judgment and severance previously entered by
this Court has been vacated and set aside, that there has been no final
judgment rendered or entered in this matter as numbered above or
referenced in any pleadings of [T&C] or the parties as Case No. C-4419-99-B(1), that Case No. C-4419-99-B(1) was rendered null and void by the order
vacating and setting aside the prior order of summary judgment entered by
this Court wherein the severance was contained, and that post-judgment
discovery is therefore inappropriate and unwarranted.
 
          Without a final judgment, appellants are unable to maintain their garnishment
actions because writs of garnishment are available to appellants only if appellants have a
valid, subsisting judgment.


 See Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3) (Vernon
1997); see also Tom Benson Chevrolet Co., Inc. v. Beall, 567 S.W.2d 857, 859 (Tex. Civ.
App.–San Antonio 1978, writ ref’d n.r.e.) (judgment that has been set aside will not support
a garnishment judgment).
          We conclude that the proceedings in the underlying case were the critical procedural
events affecting appellants’ rights that led to the order now under attack. See Girdley v.
Southwestern Bell Yellow Pages, Inc., 869 S.W.2d 409, 411 (Tex. App.–El Paso 1993, writ
denied); see, e.g., Norman v. Dallas Cowboys Football Club, Inc., 665 S.W.2d 137, 139-40
(Tex. App.–Dallas 1983, no writ) (taking part in all necessary steps of summary judgment
proceedings affecting party’s rights, constituted participation for purposes of review by writ
of error, even though party did not attend actual hearing); Thacker v. Thacker, 496 S.W.2d
201, 204 (Tex. Civ. App.–Amarillo 1973, writ dism’d) (same). Because they participated
in the critical proceedings that led to the order dissolving the writs of garnishment, we hold
appellants have failed to meet the requirements for a restricted appeal.
          Although the record fails to establish an evidentiary hearing immediately preceding
the trial court’s order dissolving the writs of garnishment, appellants’ nonparticipation at
such a hearing does not negate the fact that they actively participated in the critical
procedural events that resulted in the adverse order. We overrule appellants’ sole issue.
 

          We dismiss these appeals for want of jurisdiction.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Memorandum Opinion delivered and filed
this the 26th day of August, 2004.