NUMBER 13-04-00011-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JOHN ANDERSON WHITE, III,                                                         Appellant,

 

                                                             v.

 

TEXAS DEPARTMENT OF CRIMINAL

JUSTICE B INSTITUTIONAL DIVISION,

PHILLIP GRIFFITH, AND ROBERT L.
FLORES,                            Appellees.

 

      On appeal from the 156th District Court of Bee County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








Appellant, John Anderson White, III, brings
this appeal following the dismissal of his case with prejudice as frivolous
pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a) (Vernon 2002).  In two issues, appellant contends the trial
court abused its discretion by dismissing his case.[1]

As this is a memorandum opinion and the parties are
familiar with the facts, we will not recite them here except as necessary to
advise the parties of our decision and the basic reasons for it.  Tex.
R. App. P. 47.4.

We review a trial court=s dismissal of an inmate=s claim pursuant to chapter 14 under an
abuse of discretion standard.  Thomas
v. Knight, 52 S.W.3d 292, 294 (Tex. App.BCorpus Christi 2001, pet. denied).  A trial court abuses its discretion when it
acts without reference to any guiding rules or principles.  Id. 
A court may dismiss an inmate=s claim if it finds the claim to be frivolous
or malicious.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002).  A claim is frivolous if it has no basis in
law or fact or if it is substantially similar to a previous claim filed by the
inmate because the claim arises from the same operative facts.  Tex.
Civ. Prac. & Rem. Code Ann. '' 14.003(b)(2), (4) (Vernon 2002).  The filing requirements of chapter 14 are
designed to assist the court in determining whether a lawsuit is
frivolous.   Obadele v. Johnson,
60 S.W.3d 345, 348 (Tex. App.BHouston [14th Dist.] 2001, no pet.).  Accordingly, when an inmate fails to fulfill
the requirements of chapter 14, the trial court is entitled to assume the suit
is substantially similar to a prior suit and dismiss the cause of action as
frivolous.  Id.  (citing Bell v. Texas Dep't Criminal
JusticeBInstitutional Div., 962 S.W.2d 156, 158 (Tex. App.BHouston [14th Dist.] 1998, pet. denied)); see
also Diles v. Henderson, 76 S.W.3d 807, 810 (Tex. App.BCorpus Christi 2002, no pet.).








 Appellant
filed an affidavit or unsworn declaration of inability to pay costs.  In a suit brought by an inmate who asserts an
inability to pay costs, the inmate must file an affidavit or declaration
providing certain information about each previous lawsuit he or she has
filed.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a) (Vernon 2002).  Regarding previous filings, appellant filed
an affidavit indicating that he had Anever filed a suit in a State o[r] Federal
court for personal injury or otherwise seeking damages or monetary awards.@  The
record, however, shows that appellant failed to include at least four suits
that he had previously filed pro se. 
Furthermore, a certified copy of the trust account statement is absent
from the record.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(c) (Vernon 2002).  Because appellant did not comply with the
requirements of chapter 14 of the civil practice and remedies code, we hold the
trial court did not abuse its discretion in dismissing appellant=s suit. 
Appellant=s first and second issues are overruled.

The trial court=s judgment is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
21st day of July, 2005.

  











[1] Appellant does not contend
the trial court erred in dismissing his case Awith prejudice;@ thus, we need not address
that issue.  See Tex. R. App. P. 47.1; Diles v.
Henderson, 76 S.W.3d 807, 809 (Tex. App.BCorpus Christi 2002, no pet.).