

# NUMBER 13-18-00367-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHARLES MOORHEAD #2031979,**                                              **Appellant,**

**v.**

**A. SALINAS, ET AL,**                                                       **Appellee.**

---

## On appeal from the 156th District Court
## of Bee County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

By four issues, appellant Charles Moorhead challenges the trial court's dismissal of his pro se, *in forma pauperis* suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. Moorhead seeks an amended final judgment and new trial to determine the merits of his

original claims.   We affirm.

## I.   BACKGROUND

Moorhead, an inmate currently housed in the McConnell Unit of the Texas Department of Criminal Justice (TDCJ) in Bee County, Texas, filed a civil suit against appellees, five [1] TDCJ employees in their official and individual capacities.   The allegations included: conversion, breach of contract, retaliation, and violation of Moorhead's First Amendment right to free exercise of religion.   *See* U.S. CONST. amend. I.   After submitting administrative grievance forms to the prison grievance system, Moorhead received a decision on December 8, 2017 stating his complaints had been previously addressed or were unsubstantiated.

Moorhead appealed the decision by mailing his petition to the trial court on January 12, 2018.   The petition was file-stamped by the trial court on January 18, 2018.   The Texas Attorney General filed an amicus curiae brief.   Without a hearing, the trial court dismissed Moorhead's suit for failing to comply with Chapter 14 of the Texas Civil Practice and Remedies Code.   This appeal followed.

## II.   DISCUSSION

By four issues and subparts, breach of contract, conversion, retaliation, and violation of his First Amendment right to free exercise of religion, Moorhead contends the trial court erred in dismissing his claims for failure to comply with Chapter 14.

### A.  Standard of Review and Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate

---

[1] Defendant/Appellees: Officer A. Salinas, William Hanson, Corey Furr, P. Chapa, and R. Menchaca.

litigation. *Id*. The court reviews the dismissal of inmate lawsuits for abuse of discretion. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied). To establish an abuse of discretion, the appellant must show that the trial court's actions were arbitrary or unreasonable considering all surrounding circumstances. *See Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984); *see also Readeaux v. Velasquez*, No. 13-13-00217-CV, 2013 WL 4399189, at *1 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (mem. op.).

The prison grievance system provides an administrative remedy for claims that would consume valuable judicial resources with little offsetting benefit. *Diles v. Henderson*, 76 S.W.3d 807, 810 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *see Amir-Sharif v. Quarterman*, No. 13-09-00504-CV, 2010 WL 3279501, at *2 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (mem. op.). Chapter 14 states that an inmate must receive a decision from the highest authority within the prison grievance system before filing a claim in state court concerning the same issues. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *see* TEX. GOV'T CODE ANN. § 501.008(d). Once an inmate receives a final decision from the grievance system, the inmate has thirty-one days to file their petition in state court. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Suits that are not filed within the allotted time frame are barred from proceeding. *Id*; *see Diles*, 76 S.W.3d at 810; *see also Readeaux*, 2013 WL 4399189, at *1. Trial courts are required to dismiss any claims filed outside of the required deadline. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *Lewis v. Johnson*, 97 S.W.3d 885, 888 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.).

**B. Analysis**

Moorhead received the final decision from the grievance system regarding his complaints on December 8, 2017. His deadline to file was January 8, 2018, thirty-one days from the time he received the decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). The Texas Supreme Court has adopted the "prisoner mailbox rule," meaning Moorhead's petition was deemed "filed" on the date the prison authorities received the document to be mailed: January 12, 2018. *See Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007) (per curiam) (extending the "prisoner mailbox rule" to inmate litigation); *see also Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (per curiam); *Hoffman*, 2013 WL 5434679, at *1. Moorhead filed his petition four days late on January 12, therefore the trial court was required to dismiss his claim for failing to comply with § 14.005(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); Lewis, 97 S.W.3d at 888. All of Moorhead's issues are overruled.[2]

### III.    CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
3rd day of July, 2019.

---

[2] Since Dismissal was required by the statute, the trial court did not abuse its discretion, we need not address any other issues presented. *See* TEX. R. APP. P. 47.1; *see also Diles v. Henderson, 76 S.W.3d 807, 810 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.).*