In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00088-CV
______________________________


RALPH O. DOUGLAS, Appellant
Â 
V.
Â 
FLOYD F. JAMES, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 280th Judicial District Court
Harris County, Texas
Trial Court No. 2002-51054


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Ralph O. Douglas appeals the dismissal of his legal malpractice suit against Floyd F. James. 
We affirm the judgment because the trial court did not abuse its discretion in dismissing the cause.
Factual Background
Â Â Â Â Â Â Â Â Â Â Â Â Douglas is an inmate within the Texas Department of Criminal Justice. The underlying
lawsuit is based on legal malpractice claims arising out of a prior civil suit in which James
represented Douglas. In his petition, Douglas claims James should have returned a portion of the
fee which he paid to James to conduct that lawsuit. Douglas filed this lawsuit as an inmate with an
affidavit of inability to pay costs. 
Â Â Â Â Â Â Â Â Â Â Â Â After reviewing the pleadings, the trial court could not discern the legal basis for Douglas'
lawsuit. The trial court issued an order requiring a statement of facts from both Douglas and James
to help illuminate the nature of Douglas' claims. Subsequently, the trial court dismissed Douglas'
entire lawsuit. 
No Error In Dismissal
Â Â Â Â Â Â Â Â Â Â Â Â In his sole point of error, Douglas contends the trial court abused its discretion in dismissing
his lawsuit and further erred by dismissing his lawsuit pursuant to Chapter 13 of the Texas Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. Â§ 13.001 (Vernon 2002). 
Â Â Â Â Â Â Â Â Â Â Â Â We overrule this sole point of error.
Â Â Â Â Â Â Â Â Â Â Â Â Douglas asserts that his underlying claim is governed by Chapter 14 of the Texas Civil
Practice and Remedies Code because he is an inmate who filed an affidavit of inability to pay costs. 
He is correct in this assertion. See Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.002 (Vernon 2002). 
However, he is incorrect in his contention that the trial court dismissed his lawsuit pursuant to
Chapter 13 of the Texas Civil Practice and Remedies Code.
Â Â Â Â Â Â Â Â Â Â Â Â The order of dismissal shows the trial court dismissed the case pursuant to Chapter 14 of the
Texas Civil Practice and Remedies Code. The order states in part, "[P]ursuant to Section 14.003 of
the Texas Civil Practice And Remedies Code, this entire case is DISMISSED." The order of
dismissal does not contain a reference to Chapter 13. Therefore, we find this portion of Douglas'
claim meritless.
Â Â Â Â Â Â Â Â Â Â Â Â Now, we must consider whether the trial court's dismissal under Chapter 14 was proper. We
review a trial court's decision to dismiss an inmate's claim subject to Chapter 14 under an abuse of
discretion standard. To establish an abuse of discretion, an appellant must show that the trial court's
actions were arbitrary or unreasonable in light of all the circumstances. We must ask whether the
trial court acted without reference to any guiding rules or principles. See Spurlock v. Schroedter, 88
S.W.3d 733, 735â36 (Tex. App.âCorpus Christi 2002, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â As noted above, the trial court dismissed Douglas' case pursuant to Section 14.003 of the
Texas Civil Practice and Remedies Code. That section allows the trial court to dismiss a claim if
the court finds the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. Â§Â 14.003
(Vernon 2002). In deciding whether a claim is frivolous or malicious, the court may consider:
(1) the claim's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts.

Id.
Â Â Â Â Â Â Â Â Â Â Â Â The court may also take into consideration the requirements imposed by Section 14.004. 
Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.004 (Vernon 2002); Bishop v. Lawson, 131 S.W.3d 571,
575 (Tex. App.âFort Worth 2004, pet. denied). 
Â Â Â Â Â Â Â Â Â Â Â Â Section 14.004 of the Texas Civil Practice and Remedies Code provides:
(a)An inmate who files an affidavit or unsworn declaration of inability
to pay costs shall file a separate affidavit or declaration:
Â 
(1)identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not represented
by an attorney, without regard to whether the person was an inmate at the
time the suit was brought; and 
(2) describing each suit that was previously brought by:
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â (A)Â Â Â Â Â Â stating the operative facts for which relief was sought;
Â 
(B)listing the case name, cause number, and the court in
which the suit was brought;
Â 
(C)identifying each party named in the suit; and
Â 
(D)stating the result of the suit, including whether the suit
was dismissed as frivolous or malicious under Section 13.001 or
Section 14.003 or otherwise.
Â 
(b)If the affidavit or unsworn declaration filed under this section states
that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn
declaration must state the date of the final order affirming the dismissal.
Â 
(c)The affidavit or unsworn declaration must be accompanied by the
certified copy of the trust account statement required by Section 14.006(f).

Tex. Civ. Prac. & Rem. Code Ann. Â§Â 14.004. Section 14.006(f) of the Texas Civil Practice and
Remedies Code provides:
Â 
(f)The inmate shall file a certified copy of the inmate's trust account
statement with the court. The statement must reflect the balance of the account at the
time the claim is filed and activity in the account during the six months preceding the
date on which the claim is filed. The court may request the department or jail to
furnish the information required under this subsection.

Tex. Civ. Prac. & Rem. Code Ann. Â§Â 14.006(f) (Vernon 2002).
Â Â Â Â Â Â Â Â Â Â Â Â Douglas filed an affidavit listing eight separate suits which he had brought. Each listing
follows the same format. For example:
Douglas v. Porter, Cause No. 200155507, Pending in the 127th District Court of
Harris County, Texas;
Douglas v. Kings, Cause No. 200157519, Pending in the 190th District Court of
Harris County, Texas . . . .

Â Â Â Â Â Â Â Â Â Â Â Â These listings fail to state the operative facts for which relief was sought and fail to identify
each party named in each suit as required by subsections (a)(2)(A) and (C) of Section 14.004. 
Therefore, Douglas' affidavit is inadequate because it does not comply with the requirements of
Section 14.004. When the inmate does not comply with the affidavit requirements of Section
14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by
the inmate and, therefore, frivolous. Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.âHouston
[14th Dist.] 2001, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â Further, Douglas' affidavit is not accompanied by a certified copy of his trust account
statement as required by subsection (c) of Section 14.004. Douglas offers no explanation for either
of these deficiencies.
Â Â Â Â Â Â Â Â Â Â Â Â Douglas' affidavit fails to comply with the requirements of Section 14.004. Therefore, the
trial court did not abuse its discretion in dismissing Douglas' lawsuit. See Thompson v. Rodriguez,
99 S.W.3d 328, 330 (Tex. App.âTexarkana 2003, no pet.). Accordingly, we overrule Douglas' sole
point of error.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â January 11, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 13, 2006




an";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:"Times New Roman";}
p.MsoHeader, li.MsoHeader, div.MsoHeader
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Header Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:Shruti;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:"Times New Roman";}
p.MsoFooter, li.MsoFooter, div.MsoFooter
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Footer Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 tab-stops:center 3.25in right 6.5in;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:12.0pt;
 font-family:Shruti;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:"Times New Roman";}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:Shruti;
 mso-ascii-font-family:Shruti;
 mso-hansi-font-family:Shruti;
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:Shruti;
 mso-ascii-font-family:Shruti;
 mso-hansi-font-family:Shruti;
 mso-bidi-font-family:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") f1;
 mso-first-header:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") eh1;
 mso-header:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-10-106-CR%20In%20re%20Johnston%20mandamus%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-10-00106-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  STEPHEN CLAY JOHNSTON

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Justice Carter

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION 

Â 

Â Â Â Â Â Â Â Â Â Â Â  While incarcerated in the Lamar County
Jail for a third DWI conviction, Stephen Clay Johnston filed a ÂMotion for Access
of CourtsÂ requesting the trial court Âgrant defendant access to courts by
allowing him to utilize the law library provided by the countyÂ in order to
prepare future small claim lawsuits for filing and prosecute a pending small
claim.Â  Johnston filed this petition for writ
of mandamus complaining that the trial court Âhas refused to answer this
motion.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  Mandamus is an extraordinary remedy
that issues only to correct a clear abuse of discretion or violation of a duty
imposed by law when no other adequate remedy by law is available.Â  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984).Â 
Due to the nature of this remedy, it is JohnstonÂs burden to properly
request and show entitlement to the mandamus relief.Â  See
generally Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.ÂHouston [1st Dist.] 1992, orig. proceeding) (ÂEven a pro se
applicant for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.Â). 

Â Â Â Â Â Â Â Â Â Â Â  As the sole document included in his
record, Johnston attached a file-marked copy of his motion, which contained a
certificate of service requesting a copy of the motion be sent to the district
judge.Â  Consideration of a motion that is
properly filed and before the court is a ministerial act. Â State ex
rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).Â  However, Johnston must show that the trial
court received, was aware of, and was asked to rule on the motion. Â In re
Grulkey, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.ÂÂHouston
[14th Dist.] May 28, 2010, orig. proceeding) (citing In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.ÂÂAmarillo 2003,
orig. proceeding)).Â  ÂFiling something
with the district clerkÂs office does not mean the trial court is aware of it;
nor is the clerkÂs knowledge imputed to the trial court.ÂÂ  Id.
(citing Villarreal, 96 S.W.3d at n.2); see also In re Blakeney, 254 S.W.3d 659, 662 (Tex. App.ÂÂTexarkana
2008, orig. proceeding) (ÂShowing that a motion was filed with the court clerk
does not constitute proof that the motion was brought to the trial courtÂs
attention or presented to the trial court with a request for a ruling.Â).Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  We deny JohnstonÂs petition for writ
of mandamus. 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  June 17, 2010

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  June 18, 2010

Â 

Do
Not Publish