Imari OBADELE, Appellant,

v.

Gary L. JOHNSON, Doyle J. Cryer, Neill Hodges, and Avery Patterson, Appellees.

No. 14–00–01256–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 1, 2001.

Imari Obadele, appellant pro se.

Kevin Todd Kennedy, Austin, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

### OPINION

ANDERSON, Justice.

Appellant Imari Obadele appeals from the dismissal of his *pro se* inmate case brought *in forma pauperis* against appellees Gary Johnson, Doyle J. Cryer, Neill Hodges, and Avery Patterson. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant sued the appellees under 42 U.S.C. section 1983 and the Texas Tort Claims Act alleging destruction of his personal and legal property. He sought compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees.

With the complaint, appellant provided an unsworn declaration of inability to pay, a "declaration of litigation," and a notarized copy of his trust fund account. The declaration of litigation listed 17 cases. Representative case descriptions are as follows: "6. *Obadele v. Johnson,* # H–99–2241; habeas corpus; challenge to practice of TDCJ–ID which affected length of sentence; U.S.D.C., Houston; pending;" "11. *Obadele v. Stone,* cause number unknown; § 1983, denial of civil rights; U.S.D.D., Houston, dismissed;" and "14. *Obadele v. Olivas,* # 5819; Tx. Tort Claim/§ 1983; alleging cruel and unusual punishment; pending; 83rd Dist. Crt."

In response to a letter from the clerk of court indicating he must provide copies of final orders of the in-house grievance program, appellant subsequently provided the court with an unnotarized "affidavit of grievance," in which he stated he had

> exhausted his administrative remedies in this cause by filing a Step 1 Grievance, # 2000048005, on 12–21–00, which was *denied* by the defendant, "Byrd Unit Warden," on 12–27–00 and was received by Plaintiff on 4–14–00. And on 4–15–00 Plaintiff filed his Step 2 Grievance which was denied on 5–2–00 by "J.M. Peralto," grievance # 2000048005.

Appellant represented he was unable to provide copies of the grievances because he was indigent and the unit did not make photocopies for indigent prisoners engaged in litigation.

The court ordered payment of court costs from appellant's trust account.[1] The court also ordered a response from the Attorney General, in part requesting the Attorney General to review the pleadings, affidavits, unsworn declarations, and exhibits for compliance with Texas Civil Practice and Remedies Code Chapter 14.

Finally, the court ordered the Attorney General to file, as amicus curiae, an advisory regarding whether appellant satisfied the Chapter 14 requirements.

The Attorney General responded that appellant failed to comply with Texas Civil Practice and Remedies Code section 14.004(a)(2), which requires a list of all previous lawsuits, because appellant did not state the operative facts for each case and did not identify each named defendant for each of the lawsuits. The Attorney General also argued appellant failed to comply with section 14.005, which requires documentation demonstrating exhaustion of administrative remedies, because appellant did not provide copies of the written decisions from the grievance system.

Appellant filed a response, in which he argued he had substantially complied with the requirement that he list previous lawsuits and stated, if it was a question of "format," the Attorney General should provide a copy of the required format. Appellant again represented that his unit did not provide photocopies of the grievances for indigent prisoners. In support, he provided two exhibits reflecting his attempt to obtain copies. The first appears directed to the grievance coordinator and contains a notation that the office does not provide copies. The second appears directed to the library, and does not contain a notation of disposition.

The trial court dismissed the case. In its order, the court stated:

> This Court finds that the petition filed by Plaintiff is not in compliance with the requirements set forth in chapter 14 of the Texas Civil Practice and Remedies Code, in particular the requirement of sections 14.004 and 14.005. Accordingly,

---

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.006(b) (Vernon Supp.2001) (setting forth means of calculating amount inmate shall pay).

the Court **ORDERS** that all claims against Defendants are **DISMISSED.** Moreover, because of Plaintiff's failure to comply with section 14.004 and fully disclose the nature of his previous litigation, this Court is entitled to assume that the instant case is substantially similar to a claim or clams previously brought by Plaintiff. Therefore, the case is **DISMISSED AS FRIVOLOUS.**

## DISCUSSION

In issue one, appellant argues, because he substantially complied with the requirement he list previous lawsuits, the trial court abused its discretion in dismissing his case under section 14.004. In issue two, appellant argues application of section 14.005(a)(2), requiring copies of the prison grievance decisions, denied him due process because, as a result of his indigent status, duties were imposed on him that were not imposed on nonindigent prisoners. In issue three, appellant objects to the possibility a prisoner's good time might be taken away if it is determined he filed a frivolous lawsuit. Finally, appellant complains that, after treating his lawsuit as *in forma pauperis,* the trial court assessed costs from his trust fund.

■ Appellant is an inmate; and, therefore, chapter 14 of the Texas Civil Practice and Remedies Code governs appellant's suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002 (Vernon Supp.2001); *Hickman v. Adams,* 35 S.W.3d 120, 123 (Tex.App.—Houston [14th Dist.] 2000, no pet.). A trial court has broad discretion to dismiss an inmate's suit if the court finds the claim is frivolous or malicious. *Martinez v. Thaler,* 931 S.W.2d 45, 46 (Tex.App.—Houston [14th Dist.] 1996, writ denied).

■ In determining whether a suit is frivolous or malicious, the trial court may consider, among other things, whether the claim is substantially similar to an inmate's previous claim because the claim arises from the same operative facts as the previous claim. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b)(4) (Vernon Supp.2001); *Hickman,* 35 S.W.3d at 123. To aid the trial court in making this determination, an inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or declaration setting out information regarding certain previous lawsuits. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a) (Vernon Supp.2001). The inmate must state in his affidavit the "operative facts" for which relief was sought, the identity of each party named in the suit, and the result of the suit. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a)(2)(A), (C), (D) (Vernon Supp.2001). As in the present case, when an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *Bell v. Texas Dept. of Criminal Justice–Institutional Div.,* 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet. denied).

■ In issue one, appellant argues he was in "substantial compliance" with the section 14.004 requirements. The purpose of sections 14.003 and 14.004, however, is to reduce the problem of constant, often duplicative, inmate litigation by requiring the inmate to notify the trial court of previous litigation and the outcome. *Id.* When an inmate complies with section 14.004, the trial court can determine, based on previous filings, if the suit is frivolous because the inmate had already filed a similar claim. *Id.* Given this purpose, an affidavit that identifies neither the parties nor the operative facts cannot be said to be in substantial compliance with the requirements of sections 14.003 and 14.004. *Cf. Stratton v. Austin Indep. Sch. Dist.,* 8 S.W.3d 26, 31 (Tex.App.—Austin 1999, no

pet.) (stating, in context of reviewing agency's decision, deviation from requirements of statute that does not seriously hinder legislature's purpose in imposing requirement is substantial compliance).

Appellant also complains the trial court should have permitted him to amend his petition. In support he cites *Clark v. Unit,* 23 S.W.3d 420 (Tex.App.—Houston [1st Dist.] 2000, pet. denied). In *Clark,* the inmate had filed an amended or supplemental affidavit, which the appellate court found deficient. *Id.* at 422. *Clark* does not stand for the proposition a trial court must permit amendment of a defective affidavit or that it abuses its discretion in not doing so. In *Hickman,* this court observed: "[W]e have previously held that because a trial court may dismiss an action as frivolous either before or after service of process, the trial court is under no duty to suggest or recommend that appellant amend his pleading. We hold the same reasoning applies to defects in the affidavit." *Hickman,* 35 S.W.3d at 125 (footnote omitted) (citing *Kendrick v. Lynaugh,* 804 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1990, no writ)).[2]

Because we conclude the trial court did not abuse its discretion in not permitting appellant to amend his affidavit, we overrule appellant's issue one.

In issue three, appellant challenges the constitutionality of Texas Government Code section 498.0045, which provides:

(a) In this section, "final order" means a certified copy of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the department or confined in county jail awaiting transfer to the department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision.

(b) On receipt of a final order, the department shall forfeit:

(1) 60 days of an inmate's accrued good conduct time, if the department has previously received one final order;

(2) 120 days of an inmate's accrued good conduct time, if the department has previously received two final orders; or

(3) 180 days of an inmate's accrued good conduct time, if the department has previously received three or more final orders.

(c) The department may not restore good conduct time forfeited under this section.

TEX. GOV'T CODE ANN. § 498.0045 (Vernon Supp.2001).

■ Appellant does not allege he has lost good conduct time under this provision, and the record contains no indication he has done so. Generally, before a court decides the constitutionality of a statute, it must first ascertain with certainty that the

---

**2.** The *Hickman* court also observed,

[B]ecause we have determined the trial court should not have dismissed appellant's suit "with prejudice," appellant may refile his suit and attempt to comply with the affidavit requirements of section 14.004. Finally, after filing his first affidavit, appellant filed an amended affidavit regarding previous lawsuits, along with his motion to reconsider and motion for new trial. A review of this amended affidavit shows that it also fails to meet the requirements of section 14.004. Thus, it is obvious that giving appellant an opportunity to amend would not have resulted in a different outcome. Accordingly, we hold that the trial court did not abuse its discretion by refusing to allow appellant an opportunity to cure the defects in his affidavit.

*Hickman v. Adams,* 35 S.W.3d 120, 125 (Tex.App.—Houston [14th Dist.] 2000, no pet.).

party raising the claim has presently been injured by the statute. *See Porter v. State*, 806 S.W.2d 316, 321 (Tex.App.—San Antonio 1991, no writ) (stating rule in context of deciding vagueness challenge).

The gravamen of appellant's challenge to Texas Government Code section 498.0045 appears to be a due process challenge based on an alleged lack of definition of a "frivolous lawsuit." Texas Civil Practice and Remedies Code section 14.003(b), however, provides the following four factors a court may use in determining whether a lawsuit is frivolous: (1) whether "the claim's realistic chance of ultimate success is slight;" (2) whether "the claim has no arguable basis in law or in fact;" (3) whether "it is clear that the party cannot prove facts in support of the claim;" and (4) whether "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon Supp.2001). Under decisional law, the proper factor among factors (1) through (3) is whether the complaint "lacks an arguable basis in law or in fact." *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990) (per curiam opinion denying writ) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989)); *Thompson v. Texas Dept. of Criminal Justice–Institutional Div.* 33 S.W.3d 412, 414 (Tex.App.—Houston [1 Dist.] 2000, pet. denied). Thus, a lawsuit is frivolous if it lacks an arguable basis in law or in fact or if it is substantially similar to a previous claim. Appellant's contention "frivolous" is not defined is without merit.[3]

Finally, in an unnumbered issue, appellant argues the trial court denied him his *"in forma pauperis"* status when it

3. In *Tubwell v. Anderson*, the Mississippi Supreme Court rejected an inmate's argument that he was deprived of a due process hearing when his good time credit was revoked under a statute substantially similar to Texas Government Code section 498.0045. *See* 776 So.2d 654, 659 (Miss.2000). The court stated:

It is apparent that Miss.Code Ann. § 47–5–138 provides much greater procedural protections than those which are typically found in extra-judicial prison revocation proceedings of the type discussed by the U.S. Supreme Court in *Wolff* [*v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935] and [*Superintendent, Massachusetts Correctional Institution, Walpole v.*] *Hill* [472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356]. Section 47–5–138 only provides for a revocation of good time credits in the event that a "final order" is issued dismissing the prisoner's lawsuit. As noted *supra*, the statute defines "final order" as "an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted." § 47–5–138(3)(a). Thus, it is apparent that an inmate is only subject-

ed to a loss of good time credits in the event that a state or federal court first considers the inmate's lawsuit and dismisses it as "frivolous, malicious or for failure to state a claim upon which relief could be granted."

The level of due process which has been afforded to Tubwell in the present context is illustrated by the fact that, as noted earlier, this Court has recently considered one of the very motions filed by Tubwell, which motion resulted in his loss of good time credits. Specifically, in *Tubwell v. Grant*, 760 So.2d 687, this Court affirmed the dismissal as frivolous of a habeas corpus motion filed by Tubwell, in which he complained that the MDOC had transferred him to a private prison facility without his consent. It can not validly be contended that Tubwell has been deprived of his right to due process, and this argument is without merit.

776 So.2d at 659 (paragraph designations omitted). When it affirmed the dismissal of Tubwell's habeas corpus motion as frivolous, the Mississippi Supreme Court relied on the definition of frivolous from case law interpreting Mississippi's equivalent of Texas Rule of Civil Procedure 13. *See Tubwell v. Grant*, 760 So.2d 687, 690 (Miss.2000).

assessed court costs against his trust account pursuant to Texas Civil Practice and Remedies Code section 14.006. Under section 14.006, a "court may order an inmate who has filed a claim to pay court fees, court costs, and other costs." TEX. CIV. PRAC. & REM.CODE ANN. § 14.006(a) (Vernon Supp.2001). Appellant directs us to no authority suggesting that the trial court's assessment of costs was improper. *See* TEX.R.APP. P. 38.1(h); *Barnum v. Munson,* 998 S.W.2d 284, 287 (Tex.App.— Dallas 1999, pet. denied) (overruling similar claim when appellant cited no authority suggesting trial court's assessment of costs was improper).

We overrule appellant's issues one and three and his claim court costs were improperly assessed. Because of our disposition of issue one, we do not need to address issue two.

We affirm the judgment of the trial court.