NUMBER 13-04-531-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

MICHAEL SCOTT,                                                    Appellant,

 

                                           v.

 

THOMAS
PRASIFKA, ET AL.,                                     Appellees.

 

 

 

                  On appeal from the 156th
District Court

                              of Bee
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

     Before Chief Justice Valdez and Justices Castillo and Garza

                  Memorandum Opinion by Justice Castillo

 








Appellant, Michael
Scott, an indigent inmate in the Texas Department of Criminal JusticeBInstitutional Division
(TDCJ), appeals his pro se case under chapter 14 of the Texas Civil
Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon
2002).  He sued appellees,[1]
seeking de novo review in the district court of an administrative decision
denying his request for relief on his claim of cruel and unusual
punishment.  We affirm the trial court's
chapter 14 dismissal of the lawsuit. 

I. Issues Presented

Scott presents two
issues:  (1) whether the trial court
abused its discretion in dismissing his prisoner's in forma pauperis suit
under chapter 14 as frivolous; and (2) whether the trial court abused its
discretion in denying his request to conduct discovery and submit evidence.

II.  Background[2]

On December 5, 2003,
Scott filed suit, alleging that during his confinement at the correctional
facility from October 1, 2001 through February 24, 2002, a conspiracy existed
among the named defendants in their individual capacities to force him to eat
contaminated food.  He sought damages for
cruel and unusual punishment under the Texas Constitution and for civil
conspiracy.  Scott filed a motion to
proceed in forma pauperis and a declaration of previous court filings.








In his original
pleading, Scott asserted he exhausted administrative remedies, without relief,
and timely filed his chapter 14 lawsuit. 
To his original pleading, Scott attached copies of two grievance forms
dated four days apart in October 2003. 
His amended pleading did not include the previously filed grievance
forms; rather, he filed a motion requesting the trial court order that he had
exhausted his administrative remedies, as his grievance was unanswered.  In the motion, Scott admits he did not
exhaust administrative remedies.  We find
no declaration of previous grievance filings in the record before us.  Appellees filed a motion to dismiss,
asserting Scott's live pleading did not comply with the procedural requirements
of (1) section 14.004(a) as to his affidavit of previous filings, see Tex. Civ.
Prac. & Rem. Code
Ann. _14.004(a) (Vernon
2002), and (2) section 14.005(b), as to exhaustion of administrative remedies.[3]
 See Tex. Civ. Prac. & Rem. Code Ann. _14.004(b) (Vernon
2002). 








The trial court
convened a telephonic, evidentiary hearing. 
At the hearing, Scott admitted he did not list all lawsuits he had
filed.  He explained that he did not
receive documents from three courts that would allow him to provide the
required information as to previous filings. 
Scott also admitted that he did not exhaust administrative remedies
because, in part, during the window of time to file his grievance, he was
transferred to another unit and subsequently returned to the complained-of
unit.  He admitted that he had
approximately fifteen lawsuits pending throughout the State, five of which
allege problems with food similar to those set out in his current claim.[4]  The trial court granted appellees' motion to
dismiss and entered an order dismissing the lawsuit without prejudice.[5]  This appeal ensued. 

III.  Chapter 14

A.  Scope and Standard of Review








The purpose of the
procedural requirements in chapter 14 is to deter "constant, often
duplicative, inmate litigation."  See
Lilly v. Northrep, 100 S.W.3d 335, 337 (Tex. App.BSan Antonio 2002, pet.
denied); Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.BHouston [14th Dist.]
2001, no pet.).  The proper standard of
review for the dismissal of a frivolous claim pursuant to chapter fourteen is
an abuse of discretion.  Jackson v.
Tex. Dep't of Crim. Justice‑Inst. Div., 28 S.W.3d 811, 813 (Tex. App.BCorpus Christi 2000,
pet. denied).  To establish an abuse of
discretion, an appellant must show the trial court's actions were arbitrary or
unreasonable in light of all the circumstances.  Id. (citing Smithson v. Cessna Aircraft
Co., 665 S.W.2d 439, 443 (Tex. 1984)); Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985) (holding that an abuse of
discretion is determined by examining whether the trial court acted without
reference to any guiding rules and principles); Spurlock v. Schroedter,
88 S.W.3d 733, 735‑36 (Tex. App.BCorpus Christi 2002,
no pet.).  

The trial court has
broad discretion to dismiss an inmate's claim as frivolous. Jackson, 28
S.W.3d at 813.  In making that
determination, the trial court may consider whether (1) the claim's realistic
chance of ultimate success is slight, (2) the claim has no arguable basis in
law or fact, (3) it is clear that the party cannot prove facts in support of
the claim, or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(b) (Vernon
2002); Spurlock, 88 S.W.3d at 736; Jackson, 28 S.W.3d at
813.  

B.  Discussion

 By his first issue, Scott maintains that the
trial court erroneously dismissed his lawsuit as frivolous because appellees
failed to adduce evidence to support their 
contention of unnamed lawsuits in his declaration.  Scott concedes that a "few specific
courts would not provide him with any information pertaining to their records
due to his indigent status."[6]  Appellees counter that Scott did not comply
with statutorily mandated prerequisites. 


1.  Section 14.004 Compliance








Because Scott brought
the underlying lawsuit pro se and filed a request to proceed in forma pauperis,
he was required to fulfill the following procedural requirements of chapter 14
of the civil practice and remedies code. 
See Tex. Civ. Prac.
& Rem. Code Ann.
_14.004(a).  Under chapter 14, an inmate who files an
affidavit or unsworn declaration of inability to pay costs must file a separate
affidavit or declaration (1) identifying each pro se suit, other than a suit
under the Family Code, previously brought by the person without regard to
inmate status, and (2) describing each such suit by stating the operative facts
for which relief was sought, listing the case name, cause number, the court in
which the suit was brought, and the result of the suit.  See id.  If the affidavit or unsworn declaration
states that a previous suit was dismissed as frivolous or malicious, the
affidavit or unsworn declaration must state the date of the final order
affirming the dismissal.  Id. at
_14.004(b).  

The filing
requirements of chapter 14 are designed to assist the court in determining
whether a lawsuit is frivolous.  Obadele,
60 S.W.3d at 348.  Accordingly, when an
inmate fails to fulfill the requirements of chapter 14, the trial court is
entitled to assume the suit is substantially similar to a prior suit and
dismiss the cause of action as frivolous. 
See id. (citing Bell v. Tex. Dep't Criminal JusticeBInst. Div., 962 S.W.2d 156, 158
(Tex. App.BHouston [14th Dist.]
1998, pet. denied)); Walker, 35 S.W.3d at 161; see also Diles v.
Henderson, 76 S.W.3d 807, 810 (Tex. App.BCorpus Christi 2002, no pet.).








Except for fundamental error, to preserve any
complaint for appellate review, a party must present to the trial court a
timely and specific request, objection, or motion.  Tex.
R. App. P. 33.1(a); Wal‑Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280
(Tex. 1999) (per curiam).  Scott did not
present his current complaint to the trial court.  Thus, he did not preserve error for review.  Tex. R. App. P.
33.1(a); McKenzie,
997 S.W.2d at 280.  Even assuming he
preserved error, Scott admitted at the evidentiary hearing that he did not
identify other pro se suits he filed. 
Thus, he did not meet the mandatory chapter 14 requirements requiring
that he identify and describe each pro se suit. 
Tex. Civ. Prac.
& Rem. Code Ann.
_ 14.004(a)(1), (2).  Further, Scott admitted that he filed other
lawsuits alleging similar contamination of his food.  Thus, the trial court was entitled to assume
the suit is substantially similar to a prior suit and dismiss the cause of action
as frivolous.  Obadele, 60 S.W.3d
at 348.  Because Scott failed to preserve
error and to fully comply with the requirements of section 14.004 of the civil
practice and remedies code, and because the trial court could properly assume
the suit is substantially similar to Scott's prior suits, we conclude that the
trial court did not abuse its discretion in dismissing the suit without
prejudice.  Downer, 701 S.W.2d at
241‑42; Jackson, 28 S.W.3d at 813. 


2.  Section 14.005 Compliance[7]








Appellees' additional
ground for dismissal was Scott's failure to exhaust administrative remedies
under section 14.005.  Section 14.005
requires an affidavit or unsworn declaration that an inmate proceeding pro se
file an affidavit or unsworn declaration stating the date that the grievance
was filed and the date the inmate received the written decision.  See
Tex.
Civ. Prac. & Rem.
Code Ann. _ 14.005 (Vernon 2002).  The plain
meaning of the provision contemplates exhaustion of administrative remedies is
mandatory.  See Tex. Gov't.
Code Ann. _ 311.011 (Vernon 2005); St. Luke's
Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997) (holding that we
interpret a statute that is clear and unambiguous by looking at the plain
meaning of the statute's words); Sorokolit v. Rhodes, 889 S.W.2d 239,
241 (Tex. 1994).  

Scott did not present
his current complaint to the trial court. 
Thus, he did not preserve error for review.  See Tex.
R. App. P. 33.1(a); Wal‑Mart Stores, Inc., 997 S.W.2d at
280.  Even assuming he preserved error,
Scott's live pleading does not contain an affidavit or unsworn declaration
stating the date that a grievance was filed and the date he received a written
decision.  See Tex. Civ.
Prac. & Rem. Code
Ann. _ 14.005(a)(1), (2). 
Further, Scott admitted at the evidentiary hearing that he did not
exhaust administrative remedies.  Thus,
he did not meet the mandatory chapter 14 requirements requiring that he exhaust
administrative remedies.  See id.
 Because Scott failed to preserve
error and to fully comply with the requirements of section 14.005 of the civil
practice and remedies code, we conclude that the trial court did not abuse its
discretion in dismissing his lawsuit without prejudice.  Downer, 701 S.W.2d at 241‑42; Jackson,
28 S.W.3d at 813. 

We overrule Scott's
first issue presented.

 








IV.  Discovery

By his second issue,
Scott asserts that the trial court abused its discretion by 

denying  his request to conduct discovery and submit
evidence.  Scott did not present the
request to the trial court.  Thus, he has
not preserved error.  See Tex. R. App. P. 33.1(a); Wal‑Mart Stores,
Inc., 997
S.W.2d at 280.

V.  Conclusion

Having overruled
Scott's first and second issues, we affirm the order dismissing the lawsuit
without prejudice.  

 

 

ERRLINDA CASTILLO

Justice 

 

 

 

Memorandum Opinion delivered and filed this 

the 6th day of October, 2005.

 

 

 

 

 











[1] Appellees are warden Thomas
Prasifka, assistant warden Weldon Hodge, major Norris Jackson, major Daniel
Fernandez, Michael Bailey, Adolfo Arroyos, Robert Gonzales, Guadalupe Cordova,
Jr., Stuart Levitt, Jesse Ortiz, in their individual capacities, and other
unnamed persons.  The case proceeded as
to the defendants actually served, namely Thomas Prasifka, Norris Jackson,
Michael Bailey, Roberto Gonzalez, Pablo Garza, Daniel Fernandez, Gary Johnson,
and Weldon Hodge.  





[2] In a civil case, this Court will
accept as true the facts stated unless another party contradicts them.  See Tex.
R. App. P. 38.1(f).  The statement
must be supported by record references.  Id.

 

 





[3] Appellees requested dismissal
because Scott did not list all (1) lawsuits he has filed, (2) defendants named
in each of the lawsuits, and (3) operative facts in each of the lawsuits.  As an example, appellees seized on Scott's
identification of a lawsuit he filed on November 14, 2002, against "Warden
Tim Morgan, et al" and Scott's statement, in part, that he filed suit
against the defendants for "deliberate indifference to [and] conspiracy to
force [him] to eat contaminated food." 
Appellees maintained that the insufficient description prevented the
trial court from making a determination as to whether the operative facts of
the November 14, 2002 lawsuit and Scott's present lawsuit were the same.

 

 





[4] Scott later stated the problem
occurred in "not every prison; just several prisons."  





[5] The order states the trial court
(1) reviewed the lawsuit for compliance with chapter 14 of the civil practice
and remedies code, and (2) dismissed the lawsuit as frivolous pursuant to
chapter 14.  





[6] The dismissal motion asserted
grounds against both of Scott's causes of action.  Because the order does not state the specific
ground on which it was granted, Scott must show that each independent argument
alleged in the motion to dismiss is insufficient to support the order.  See Carson v. Walker, 134 S.W.3d 300,
302 (Tex. App.BAmarillo 2003, no pet.).





[7] The parties do not dispute that
Scott's claim is subject to the grievance system.  See Tex.
Civ. Prac. & Rem.
Code Ann. _14.005 (Vernon 2002).