MILTON V. DRETKE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-059-CV

WILLIE A. MILTON APPELLANT

V.

DOUG DRETKE, DIRECTOR, TDCJ-CID APPELLEE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, appellant Willie A. Milton, a pro se inmate, contends that the trial court abused its discretion by sua sponte dismissing the underlying suit as frivolous under section 14.003 of the Texas Civil Practice and Remedies Code.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003 (Vernon 2002).  We affirm.

Appellant sued appellee because prison officials refused to deliver two catalogs to him.  Appellant attached an unsworn declaration of previous filings to his petition.  
See id
. § 14.004,
(footnote: 2) § 132.001-.002 (Vernon 2005).  The declaration indicates that appellant has filed pro se suits in several jurisdictions, but it does not give cause numbers or other details.  Although appellant contends in the affidavit that all previous filings prior to 2005 “have NO similar or like facts” as this case, he also avers that he does not recall the facts of those prior suits.  Furthermore, he never states whether this suit, filed in October 2005, is the only suit he filed in 2005.

Appellee did not answer,
(footnote: 3) and appellant filed a motion for default judgment.  Instead, the trial court rendered an order of dismissal, indicating that the court “sua sponte came to be of the opinion that the cause of action . . . is frivolous pursuant to the provisions of the Texas Civil Practice and Remedies Code, Sect. 14.003.” 

A trial court has broad discretion to dismiss an inmate’s suit if the court finds the claim is frivolous or malicious.  
Retzlaff v. Tex. Dep’t of Criminal Justice
, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); 
Thomas v. Wichita Gen. Hosp
., 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, pet. denied).  When an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and, therefore, frivolous.  
Obadele v. Johnson
, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.); 
Bell v. Tex. Dep’t of Criminal Justice-Institutional Div
., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Here, appellant’s unsworn declaration did not set forth any of the information required by section 14.004 so that the trial court could verify whether the facts of any of appellant’s prior suits were substantially similar to the facts here.  Although appellant indicated that none of his filings prior to 2005 involved the same issue, he did not say how many suits he may have filed in 2005.  In addition, the trial court had no way of determining from appellant’s unsworn declaration how many total suits appellant had filed and whether any had been dismissed as frivolous.  Accordingly, we hold that the trial court did not abuse its broad discretion by dismissing appellant’s suit under section 14.003.

We overrule appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DELIVERED: September 28, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Section 14.004 provides as follows:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit;  and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

(b) If the affidavit or unsworn declaration filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn declaration must state the date of the final order affirming the dismissal.

Id
. § 14.004.

3:
Appellee likewise declined to file a brief in this appeal.