COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-059-CV

 

 

WILLIE A. MILTON                                                               APPELLANT

 

                                                   V.

 

DOUG DRETKE, DIRECTOR, TDCJ-CID                                       APPELLEE



 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In a single point, appellant
Willie A. Milton, a pro se inmate, contends that the trial court abused its
discretion by sua sponte dismissing the underlying suit as frivolous under
section 14.003 of the Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002).  We
affirm.








Appellant sued appellee
because prison officials refused to deliver two catalogs to him.  Appellant attached an unsworn declaration of
previous filings to his petition.  See
id. ' 14.004,[2]
' 132.001-.002 (Vernon 2005). 
The declaration indicates that appellant has filed pro se suits in
several jurisdictions, but it does not give cause numbers or other
details.  Although appellant contends in
the affidavit that all previous filings prior to 2005 Ahave NO similar or like facts@ as this case, he also avers that he does not recall the facts of
those prior suits.  Furthermore, he never
states whether this suit, filed in October 2005, is the only suit he filed in
2005.








Appellee did not answer,[3]
and appellant filed a motion for default judgment.  Instead, the trial court rendered an order of
dismissal, indicating that the court Asua sponte came to be of the opinion that the cause of action . . . is
frivolous pursuant to the provisions of the Texas Civil Practice and Remedies
Code, Sect. 14.003.@ 

A trial court has broad
discretion to dismiss an inmate=s suit if the court finds the claim is frivolous or malicious.  Retzlaff v. Tex. Dep=t of Criminal Justice, 94 S.W.3d
650, 654 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied); Thomas v. Wichita Gen. Hosp., 952
S.W.2d 936, 939 (Tex. App.CFort Worth 1997, pet. denied). 
When an inmate does not comply with the affidavit requirements of
section 14.004, the trial court is entitled to assume the suit is substantially
similar to one previously filed by the inmate, and, therefore, frivolous.  Obadele v. Johnson, 60 S.W.3d 345, 348
(Tex. App.CHouston
[14th Dist.] 2001, no pet.); Bell v. Tex. Dep=t of Criminal Justice‑Institutional Div., 962 S.W.2d 156, 158 (Tex. App.CHouston [14th Dist.] 1998, pet. denied).








Here, appellant=s unsworn declaration did not set forth any of the information
required by section 14.004 so that the trial court could verify whether the
facts of any of appellant=s prior
suits were substantially similar to the facts here.  Although appellant indicated that none of his
filings prior to 2005 involved the same issue, he did not say how many suits he
may have filed in 2005.  In addition, the
trial court had no way of determining from appellant=s unsworn declaration how many total suits appellant had filed and
whether any had been dismissed as frivolous. 
Accordingly, we hold that the trial court did not abuse its broad
discretion by dismissing appellant=s suit under section 14.003.

We overrule appellant=s sole point and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    LIVINGSTON, J.;
CAYCE, C.J.; and DAUPHINOT, J.

DELIVERED: September 28, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]Section 14.004 provides as follows:

 

(a) An inmate who files an
affidavit or unsworn declaration of inability to pay costs shall file a
separate affidavit or declaration:

 

(1) identifying each suit, other
than a suit under the Family Code, previously brought by the person and in
which the person was not represented by an attorney, without regard to whether
the person was an inmate at the time the suit was brought; and

(2) describing each suit that was
previously brought by:

(A) stating the operative facts for
which relief was sought;

(B) listing the case name, cause
number, and the court in which the suit was brought;

(C) identifying each party named in
the suit;  and

(D) stating the result of the suit,
including whether the suit was dismissed as frivolous or malicious under
Section 13.001 or Section 14.003 or otherwise.

 

(b) If the affidavit or unsworn
declaration filed under this section states that a previous suit was dismissed
as frivolous or malicious, the affidavit or unsworn declaration must state the
date of the final order affirming the dismissal.

 

Id. ' 14.004.





[3]Appellee likewise declined to file
a brief in this appeal.