

NUMBER 13-19-00029-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**FREDDIE LEE WALKER,**                                                      **Appellant,**

**v.**

**KATHRYN SLOWIK, HEARING OFFICER,**
**TEXAS BOARD OF PARDONS AND PAROLES;**
**JESUS SANTOS, SUPERVISING OFFICER,**
**TEXAS BOARD OF PARDONS AND PAROLES,**                         **Appellees.**

**On appeal from the 73rd District Court
of Bexar County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

Appellant Freddie Lee Walker, pro se, challenges the trial court's dismissal of his

suit against appellees Kathryn Slowik and Jesus Santos, both employees of the Texas

Board of Pardons and Paroles (BPP).[1] Walker argues on appeal that: (1) the trial court erred by failing to hear or rule on his "Motion to Compel" and by not "allow[ing]" him to physically appear at the final hearing; (2) the trial court erred in dismissing his suit for lack of subject matter jurisdiction; (3) appellees are not immune from suit; and (4) the trial court erred in dismissing his suit with prejudice. We affirm.[2]

## I. BACKGROUND

Walker was detained at the Guadalupe County Adult Detention Center at the time he filed suit. His pro se petition stated that, in September 2018, Santos issued a violation report alleging Walker violated his parole conditions by committing three crimes, and that a warrant was issued for his arrest on the basis of that report.[3] According to the petition, Walker filed a motion to dismiss the violation report and to withdraw the warrant, arguing that the dates for the offenses, as alleged in the violation report, were incorrect.[4] The petition alleges that there was a preliminary parole hearing on September 20, 2018, at which Slowik denied Walker's motion to dismiss. According to the petition, however, Slowik found at the final revocation hearing on September 24, 2018, that Walker "did not violate any of the alleged three (3) Rule violations [sic] . . . which required that [the

---

[1] Appellees are identified in Walker's pleadings and notice of appeal as employees of the Texas Department of Criminal Justice, Parole Division.

[2] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to an order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] Specifically, the petition stated that Walker was accused of committing the following offenses in the city of Seguin: (1) theft of property valued between $2,500 and $30,000 from Pro Ag Tractor, on or about September 4, 2018; (2) theft of property valued between $30,000 and $150,000 from Pro Ag Tractor, on or about September 4, 2018; and (3) theft of property valued between $30,000 and $150,000 from Dietz Tractor Company, on or about July 16, 2018.

[4] Instead, according to Walker's petition, Seguin Police Department records and media reports show that: (1) the first theft from Pro Ag Tractor was committed on July 16, 2018; (2) the second theft from Pro Ag Tractor was committed on August 5, 2018; and (3) the theft from Dietz Tractor Company was committed on September 2, 2018. Though Walker did not specifically deny committing those offenses, he generally alleged in his petition that "no offenses were committed against the laws of this State or of any other State or of the United States."

warrant] be immediately withdrawn." Nevertheless, according to Walker, Slowik refused to dismiss the violation report or recommend withdrawal of the warrant. Walker alleged that appellees violated his rights to due process and due course of law under the United States and Texas Constitutions. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19.

Appellees, represented by the Office of the Attorney General, filed an answer asserting in part that the suit is "frivolous, malicious, and without merit." Appellees also filed a "Motion to Dismiss Pursuant to Rule 91a and For Lack of Jurisdiction." *See* TEX. R. CIV. P. 91a. As to Rule 91a, the motion to dismiss alleged that (1) Walker has not established that he was denied due process, and (2) Walker's claims against appellees in their individual capacities are barred by qualified immunity. As to jurisdiction, the motion argued there is no private cause of action for violation of civil rights under the Texas Constitution; it also argued that Walker's claims are barred by sovereign immunity, official immunity, Eleventh Amendment immunity, and absolute immunity. Appellees argued that Walker's suit "should proceed under habeas corpus," but that the trial court "lacks habeas jurisdiction over Walker's petition." Appellees also filed a motion for protective order seeking to stay discovery until the motion to dismiss could be considered.

Walker filed a response to the motion to dismiss. He then filed a "Motion to Compel Pursuant to Texas Rules of Civil Procedure; [BPP] Rules 145; 146.10" on November 21, 2018, arguing that appellees and the BPP were required, but failed, "to have made a decision or to have withdrawn the warrant" within forty-five days after September 24, 2018. Walker's motion to compel asked the trial court to order appellees to "immediately serve [Walker] with its written Answer from the Preliminary Hearing held on September 20, 2018 at 10:00 A.M." Alternatively, the motion to compel asked the trial court to order

3

appellees "and/or the [BPP] to immediately withdraw" the warrant issued against him "due to Insufficient Offense Dates." The motion to compel included a proposed order setting a hearing on the motion for November 28, 2018.

A brief hearing was held on December 17, 2018, at which Walker appeared telephonically. Following the hearing, the trial court took the motions under advisement. Later that day, it signed an order granting appellees' motion to dismiss, dismissing Walker's claims with prejudice, and providing that "[a]ll relief not granted in this Judgment is denied." This appeal followed.[5]

## II. DISCUSSION

By his first issue, Walker contends that the trial court erred by failing to hold a hearing or rule on his motion to compel. *See, e.g.*, *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time."). At the December 17, 2018 hearing, the following exchange took place immediately after appellees' counsel made an opening statement:

THE COURT: Okay. Mr. Walker, would you like to respond?

MR. WALKER: Yes, most definitely I would. First of all, I would like to object to the hearing today, being that it is conducted (inaudible) a bunch of distraction, though, I can't properly focus on the hearing. But yes, I would.

I have a motion, a response, Defendant's Motion to Dismiss, and I don't know if you had an opportunity to review the motion, and (inaudible) however the motion somewhat speaks for itself. Do you have that motion

---

[5] Walker has attached several documents as appendices to his brief, including a copy of an indictment, returned by a Guadalupe County grand jury, accusing Walker of committing the above-referenced thefts on or about July 16, August 8, and September 3, 2018, respectively. We may not consider the indictment in our analysis because it is not included in the trial court record. *See Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 (Tex. App.—Corpus Christi–Edinburg 2008, pet. dism'd).

4

|                | directly before you? |
|----------------|----------------------|
| THE COURT:     | If it is filed with the Court, I will certainly take judicial notice of it and review it and consider it. Go ahead, sir. Continue. |

Walker then briefly summarized the factual basis for his lawsuit and referred the trial court to case law. The court took the matters under advisement and adjourned the hearing. Later, it rendered judgment dismissing the suit and denying any other relief.

The record shows that Walker had a meaningful opportunity to argue for his motion at the December 17, 2018 hearing; it further shows that the trial court was aware of the motion and considered it on its merits.[6] We conclude that, contrary to Walker's arguments, the trial court held a hearing on his motion to compel and denied it by its final order.[7]

Walker also argues in his first issue that the trial court abused its discretion by "fail[ing] to allow [him] to physically appear at the dismissal hearing on December 17, 2018." He cites case law establishing that "[w]hen a request to appear by a specifically described effective means is made, a trial court's denial of the inmate's motion to appear by alternative means is an abuse of discretion unless the court allows the inmate to proceed by some other effective means." *In re A.W.*, 302 S.W.3d 925, 930 (Tex. App.—Dallas 2010, no pet.). Here, the record contains no written request for Walker to appear at the final hearing in any specific manner other than by telephone, nor does it contain any request for a bench warrant to compel Walker's personal appearance. Even if we were to construe Walker's vague opening comment at the December 17, 2018 hearing as a request to appear in person, the trial court did not explicitly rule on that request, *see* TEX. R. APP. P. 33.1(a)(2), and Walker does not explain why his appearance via telephone

---

[6] The motion to compel was the only motion filed by Walker pending at the time of the hearing.

[7] On appeal, Walker does not argue that the motion to compel should have been *granted*; he merely argues the trial court erred by failing to hold a hearing and failing to rule.

5

was not an "effective means" for making his argument. *See In re A.W.*, 302 S.W.3d at 930 (noting that "[p]articipation from the prison via telephone or video conference would resolve any transportation or safety concerns" and "would also allow [the inmate] to offer testimony and cross-examine witnesses"). We overrule Walker's first issue.

Walker's remaining issues concern the merits of the trial court's dismissal order. The order did not specify the grounds upon which Walker's suit was dismissed.[8] Accordingly, we must affirm it if dismissal was proper under any legal theory. *See Donaldson v. Tex. Dep't of Criminal Justice—Corr. Insts. Div.*, 355 S.W.3d 722, 724 (Tex. App.—Tyler 2011, pet. denied); *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

Chapter 14 of the Texas Civil Practice and Remedies Code applies to any action brought by an inmate, including an appeal, in which an affidavit or unsworn declaration of inability to pay costs has been filed, other than one brought under the family code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002. The record firmly shows that Walker is an inmate[9] who filed unsworn declarations of his inability to pay costs in both the trial court and in this Court, and his suit does not arise under the family code. Accordingly, Chapter 14 applies.[10] *See id.*

A court may dismiss a claim to which Chapter 14 applies if it finds that the claim is

---

[8] As part of his fourth issue, Walker complains about the trial court's failure to specify the grounds upon which his suit was dismissed. However, he does not cite any authority establishing that a trial court's order of dismissal must do so. *See* TEX. R. APP. P. 38.1(i).

[9] For purposes of Chapter 14, an "inmate" includes a person housed in a municipal or county jail. TEX. CIV. PRAC. & REM. CODE ANN. § 14.001(2), (4); TEX. PENAL CODE ANN. § 1.07(a)(45)(A).

[10] It follows that Rule 91a does not apply. *See* TEX. R. CIV. P. 91a.1 (stating that a party may move to dismiss an action as baseless "[e]xcept in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code").

6

frivolous or malicious. *Id.* § 14.003(a)(2).[11] In determining whether a suit is frivolous or malicious, the trial court may consider, among other things, whether the claim is substantially similar to an inmate's previous claim by analyzing whether the claim arises from the same operative facts as a previous one. *Id.* § 14.003(b)(4); *Obadele v. Johnson*, 60 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2001, no pet.). To aid the trial court in making this determination, an inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or declaration:

    (1)    identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and

    (2)    describing each action that was previously brought by:

        (A)    stating the operative facts for which relief was sought;

        (B)    listing the case name, cause number, and the court in which the action was brought;

        (C)    identifying each party named in the action; and

        (D)    stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). The affidavit or unsworn declaration must be accompanied by a certified copy of the inmate's trust account statement reflecting the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed. *Id.* §§ 14.004(c), 14.006(f).

    The purpose of §§ 14.003 and 14.004 is to reduce the problem of constant, often

---

[11] We note that appellees did not file a motion seeking dismissal under Chapter 14. Nevertheless, the trial court had the authority to grant dismissal on those grounds. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (noting that a court may dismiss a claim under Chapter 14 "either before or after service of process").

duplicative, inmate litigation by requiring the inmate to notify the trial court of previous litigation and the outcome. *Obadele*, 60 S.W.3d at 348; *Bell v. Tex. Dep't of Criminal Justice—Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). "Thus, a trial court may dismiss an indigent inmate's suit as frivolous under section 14.003(2) without holding a hearing when an inmate fails to comply with the statutory requirements of section 14.004." *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Gowan v. Tex. Dep't of Criminal Justice—Institutional Div.*, 99 S.W.3d 319, 321 (Tex. App.—Texarkana 2003, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(4).

Our comprehensive review of the record does not reveal any affidavit, declaration, or trust account statement as required by § 14.004. Therefore, the trial court did not err in dismissing Walker's suit as frivolous. *See Douglas*, 418 S.W.3d at 340; *Gowan*, 99 S.W.3d at 321.[12] We overrule Walker's fourth issue and need not address his remaining issues. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
26th day of March, 2020.

---

[12] To the extent Walker's fourth issue contends that the trial court should have dismissed without prejudice, he does not offer any argument to support that contention. Therefore, it is waived. *See* TEX. R. APP. P. 38.1(i); *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (providing that pro se litigants are held to the same standards as attorneys and must comply with the Texas Rules of Appellate Procedure).