

## NUMBER 13-20-00030-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ADOLFO GARCIA YBARRA JR.,                                    Appellant,

v.

WARDEN STRONG, ET AL.,                                       Appellees.

On appeal from the 278th District Court
of Walker County, Texas.

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Adolfo Garcia Ybarra Jr., an inmate housed in the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ–CID), filed a pro se *in forma pauperis* suit against appellees Kelly Strong, Robert Jenkins, Christopher Lacox, Charles Landis, Matt Gross, John Kolek, Gary Ferguson, Jan Gustafson, Eric Gilcrease, Angelina McMillan, Ashley Wisneiske, Timothy Prieschel, and Elliot Ruiz, all employees of TDCJ–

CID. Appellant sued appellees in their individual and official capacities for tortious and unconstitutional conduct he alleges occurred while he was incarcerated at the Ellis Unit. *See* 42 U.S.C.A. § 1983. Appellees filed a motion to dismiss pursuant to Chapter 14 of the Texas Civil Practices and Remedies Code and the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014; 101.106(e), (f). The trial court granted the motion to dismiss with prejudice. By five issues, appellant argues that the trial court erred because (1) he timely filed suit within thirty days; (2) he exhausted his administrative remedies with respect to appellees; (3) he substantially complied with the requirement of an affidavit; (4) his § 1983 claims are not subject to the TTCA; and (5) the trial court abused its discretion by dismissing the claims with prejudice. We affirm.

## I.     BACKGROUND[1]

On October 31, 2018, appellant filed suit and alleged that on July 23, 2018, Gilcrease refused to let him "release [his] 'bowels'" while he was working in the fields at the Ellis Unit and subsequently that Gilcrease threatened to shoot him when he turned to speak to another officer about it. Appellant filed Step 1 and Step 2 grievances concerning this incident. *See id.* § 14.005. Appellant further alleged that various appellees retaliated against him and made "terroristic threats" to his life for filing or attempting to file grievances, falsely charged him with disciplinary infractions, illegally released his personal information, were guilty of cruel and inhumane treatment, deprived him of legal materials and property while in pre-hearing detention, engaged in conspiracy, and endangered his life.

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

On November 1, 2018, the trial court ordered the Attorney General to file an amicus curiae advisory opinion with the court as to whether the inmate had satisfied all the statutory requirements of Chapter 14. *See id*. §§ 14.001–.014. The Attorney General's Office served its amicus curiae advisory opinion on January 4, 2019, stating that appellant had not complied with the exhaustion remedies in Chapter 14 and suggested that the proceedings be stayed for a period of 180 days to allow appellant to properly complete the grievance procedure. The trial court stayed the proceedings on January 8, 2019.

Appellant filed a handwritten "Motion for Leave to File an Amended Pleading/Complaint" to comply with the requirements of Chapter 14 ten days later, which was granted and served as his amended petition. In his amended petition, appellant listed two prior *in forma pauperis* lawsuits, but failed to include the operative facts of the cases, the identity of each party named in the suit, and whether the dismissal of the suit was based on a claim that was frivolous or malicious. *See id.* § 14.004(a)(2). On April 8, 2019, appellant asked the court to issue a Temporary Restraining Order (TRO) "preventing [appellees] from retaliating" and "'transfer[ing] [him] immediately' no less than fifty miles from here," as well as seeking an Order to Show Cause for a Preliminary Injunction.

In appellees' original answer, they plead the affirmative defense of official, qualified, and sovereign immunity from suit. On October 23, 2019, appellees filed "Defendants' Objections to Plaintiff's Request for a Temporary Restraining Order and Preliminary Injunction, Defendants' Amended Motion to Dismiss, and Defendants' Amended Partial Motion to Dismiss." Additionally, appellees asserted that appellant failed to fully and timely exhaust his administrative remedies pursuant to Chapter 14, and so

3

appellant should be barred from filing suit. *Id.* §§ 14.001–.014. Following a hearing, the trial court signed a final judgment denying appellant's request for a TRO and preliminary injunction and granting appellees' motion to dismiss with prejudice. This appeal followed.

## II.      CHAPTER 14

By his first four issues, appellant argues that the trial court abused its discretion by dismissing his claims with prejudice under Chapter 14 because he satisfied the procedural requirements of the statute.

### A.      Standard of Review and Applicable Law

The trial court has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). This is because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). When determining if a claim is frivolous or malicious the trial court may consider whether:

> (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b). Accordingly, we review the dismissal of a claim under Chapter 14 of the Civil Practice and Remedies Code for an abuse of

4

discretion. *See Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). The trial court abuses its discretion if it ruling is arbitrary or unreasonable or if it acts without reference to any guiding legal principles. *Id.*

Section 14.004 requires an inmate who files an affidavit or unsworn declaration of inability to pay to file a separate affidavit identifying each action (other than under the Family Code) previously brought by the person in which the person was not represented by an attorney. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1). The inmate must also describe each action previously brought by the inmate by stating the operative facts for which relief was sought, listing the case name, cause number, and the court in which the action was brought, identifying each party named in the action, and stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious. *Id*. § 14.004 (a)(2). An inmate may avoid dismissal by substantially complying with the statute. *See Gowan v. Tex. Dep't of Crim. Just.*, 99 S.W.3d 319, 322 (Tex. App.—Texarkana 2003, no pet.) (finding substantial compliance when appellant failed to list a cause number). The purpose of the affidavit requirement is so the trial court can determine, based on previous filings, if the suit is frivolous because the inmate has already filed a similar claim. *See Bell v. Tex. Dep't of Crim. Just.– Institutional Div*., 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Therefore, an affidavit that "identifies neither the parties nor the operative facts cannot be said to be in substantial compliance with the requirements of [§] 14.004." *Obadele v. Johnson*, 60 S.W.3d 345, 348–49 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

**B.      Affidavit Requirement**

In his third issue, which we address first, appellant argues that the trial court abused its discretion to the extent it dismissed his suit for failing to provide an unsworn declaration about prior litigation.

In his amended pleading, appellant listed two previous pro se lawsuits he filed. For those suits, appellant only partially listed the parties involved and the judges who dismissed the cases. For both, among other deficiencies, appellant failed to state the operative facts, the names of all the parties involved in the suit, and whether it was dismissed as frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2). Appellant claims he has substantially complied with § 14.004 because the trial court could readily determine that the present lawsuit did not arise from the same operative facts as the prior lawsuits because the facts of this case occurred after the prior lawsuits were filed. However, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate, and thus is frivolous. *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.— Waco 2013, no pet.). An affidavit that "identifies neither the parties nor the operative facts cannot be said to be in substantial compliance with the requirements of [§] 14.004." *Obadele,* 60 S.W.3d at 348–49. Because appellant failed to list the operative facts of his two prior lawsuits, as well as the names of all the parties, we conclude that he did not substantially comply with § 14.004, and that the trial court did not abuse its discretion in dismissing his suit on this basis. *See Douglas*, 441 S.W.3d at 339 (holding that the failure to file the affidavit with the required information or the inmate account statement can result

6

in dismissal without notice or hearing). We overrule his third issue.[2]

## C.    Dismissal with Prejudice

In his fifth issue, appellant argues the trial court abused its discretion by dismissing his suit with prejudice.

Generally, dismissal of a suit filed by an inmate is proper when they have failed to comply with the rules governing filing, and the trial court should dismiss the suit without prejudice because it is not a dismissal on the merits. *See Hughes v. Massey*, 65 S.W.3d 743, 746 (Tex. App.—Beaumont 2001, no pet.). However, dismissal with prejudice is proper after appellant was given an opportunity to amend his pleadings and still failed to comply with the statute. *See Lentworth,* 981 S.W.2d at 722–23; *Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 823 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). Here, the trial court granted appellant 180 days to amend his petition to conform to the rules. Because appellant was given an opportunity to amend his pleading and still failed to comply with the statute, the trial court properly dismissed appellant's suit with prejudice. *See Lentworth,* 981 S.W.2d at 722–23. Therefore, we overrule appellant's fifth issue.

### III.    CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
1st day of July, 2021.

---

[2] We need not address appellant's first two issues and his fourth issue as we have determined that appellant failed to comply with the affidavit requirement of Chapter 14, and thus dismissal was appropriate. *See* TEX. R. APP. P. 47.1.

7